1             IN THE UNITED STATES DISTRICT COURT

2               FOR THE DISTRICT OF COLORADO

3  Case No. 16-cr-00301-WJM

4  _____

5  UNITED STATES OF AMERICA,

6      Plaintiff,

7  vs.

8  WILLIAM J. SEARS, SCOTT M. DITTMAN,

9      Defendants.

10  _____

11       Proceedings before KATHLEEN M. TAFOYA, United

12  States Magistrate Judge, United States District Court for the

13  District of Colorado, commencing at 1:46 p.m., September 15,

14  2016, in the United States Courthouse, Denver, Colorado.

15  _____

16       WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

17  ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

18  _____

19                APPEARANCES

20       KENNETH M. HARMON, Assistant United States

21  Attorney, appearing for the government.

22       FREDRIC M. WINOCUR, Attorney at Law, appearing for

23  the defendant Sears.

24  _____

25               MOTIONS HEARING

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 2

1                     APPEARANCES (Cont'd)

2            WILLIAM L. TAYLOR, Attorney at Law, appearing for

3    the defendant Dittman.

4                     P R O C E E D I N G S

5            (Whereupon, the within electronically recorded

6    proceedings are herein transcribed, pursuant to order of

7    counsel.)

8            THE COURTROOM DEPUTY:  All rise.  Court is in

9    session.

10           THE COURT:  Good afternoon, everyone.  Please be

11   seated.  All right.  We are here today in case number

12   16-cr-301, United States of America versus William Sears and

13   Scott Matthew Dittman.  May I have appearances of counsel for

14   the government first?

15           MR. HARMON:  Good afternoon, Your Honor.  Kenneth

16   Harmon on behalf of the United States.  And seated at the

17   government's counsel table with me is the FBI case agent,

18   Special Agent Kate Funk, F-u-n-k.

19           THE COURT:  All right.  And I see that both

20   defendants have counsel.  So would you enter you appearance

21   now, please?

22           MR. WINOCUR:  Good afternoon, Your Honor.

23   Frederic Winocur, W-i-n-o-c-u-r.  (Inaudible) appearing on

24   behalf of William Sears.

25           THE COURT:  Thank you.

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 3

```
 1            MR. TAYLOR:  Good afternoon, Your Honor.  William
 2   Taylor on behalf of Scott Dittman.  Mr. Dittman is present at
 3   counsel table with me.  My registration number is 21098.  I
 4   will be filing in the matter now, I think destined for Judge
 5   Martinez's courtroom, entry of appearance, but given we
 6   didn't have the case number, I couldn't do that before I got
 7   here.
 8            THE COURT:  Okay.  Well, and I didn't even have
 9   any of the charges or anything, so --
10            MR. TAYLOR:  Very well.  Thank you, Your Honor.
11            THE COURT:  -- I'm -- I'm more in the dark than
12   you are, to tell you the truth.  That happens with these
13   cases.  I don't know why that is exactly how it works.  But,
14   anyway, so for the first time I'm seeing an information filed
15   in this case against Mr. Sears and Mr. Dittman.  And I
16   think -- or I'm surmising that what we need to do is do an
17   advisement and then the acceptance of the information or, I
18   guess, in reverse.  And then do you want to do arraignment
19   and a discovery conference today?
20            MR. HARMON:  Yes, Your Honor.  This -- this
21   information is in connection with a negotiated pre-indictment
22   disposition.  But the traditional trajectory of these cases
23   is to -- is to waive, file the information.  I think
24   everybody would be ready for an arraignment and discovery
25   conference.  And then my anticipation is that we will, then,
```

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 4

```
 1   address with Judge Martinez, the assigned judge, the matter
 2   of the next step, which we will be setting for a change of
 3   plea hearing for both the defendants.
 4           THE COURT:  Okay.  And I've talked to the
 5   probation officers briefly about bond.  You're both aware
 6   that they're recommending bond in the case, right?  So --
 7   yeah.  The -- the probation department is recommending bond
 8   in both cases, but with some conditions, I think.  So
 9   we'll -- we'll talk about what the conditions would be.  So
10   let's -- let's try to do it in order so that we don't forget
11   something.  So, first of all, I have in the file one for
12   Mr. Dittman and one for Mr. Sears, a waiver of indictment.
13   And it appears to be signed by both attorneys and the --
14   their clients; is that correct?
15           MR. WINOCUR:  Yes.
16           MR. TAYLOR:  Yes, Your Honor.  That's correct.
17           THE COURT:  All right.  So let me tell both
18   defendants.
19           UNIDENTIFIED SPEAKER:  Sorry, Your Honor.
20           THE COURT:  Need a -- need a microphone over
21   there, huh?  We won't get a record otherwise in here.  Well,
22   you'll solve that before Judge Martinez probably with a court
23   reporter, so -- all right.
24           So, Mr. Dittman and Mr. Sears, the Court needs to
25   advise you that you do have the right in any case to have
```

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 5

1   your case heard by the grand jury, any kind of criminal

2   charge.  You can waive the grand jury presentment if you want

3   to.  And that's what these waivers indicate to me.  But I do

4   want to make sure as to each of you that you understand that

5   you had a right to be indicted or to -- to have a grand jury

6   hear the evidence and decide whether or not to indict you.

7   And you're choosing to waive that and have an information

8   filed.  So let me first ask Mr. Sears.  Is that your desire

9   at this time?

10            DEFENDANT SEARS:  No, ma'am.

11            THE COURT:  It's not?  You don't want to waive

12   indictment?

13            DEFENDANT SEARS:  No.  I do want to waive

14   indictment.  Yes.

15            THE COURT:  You want --

16            DEFENDANT SEARS:  I'm sorry.

17            THE COURT:  So that question is kind of backwards.

18   So you do want to waive the indictment and proceed by

19   information?

20            DEFENDANT SEARS:  Yes, ma'am.

21            THE COURT:  All right.  And, Mr. Dittman, how

22   about you?

23            DEFENDANT DITTMAN:  Yes, ma'am.

24            THE COURT:  So you do want to waive your

25   indictment and proceed by information?

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 6

 1            DEFENDANT DITTMAN:  Correct.

 2            THE COURT:  All right.  The information -- I will

 3    accept the waiver.  The information is on -- is in this file

 4    folder, so I will accept it for filing.  The case number, as

 5    I told you earlier, is -- has been assigned.  It's 16-cr-301.

 6    Judge Martinez is assigned to the case.  The indictment

 7    charges in count 1, conspiracy to defraud the United States

 8    and commit offenses in violation of Title 18 USC § 371.  And

 9    that carries with it a penalty of not more than five years

10    imprisonment, a $250,000 fine, or both imprisonment and a

11    fine, and a $100 special assessment fee.  Is there a period

12    of supervised release associated with these charges?

13            MR. HARMON:  They're three years for both.

14            THE COURT:  All right.  So there's also --

15            MR. HARMON:  I'm sorry.  There's three years for

16    count 1, one year for the count 2.

17            THE COURT:  Count 2.  Okay.  So for count 1 not

18    more than three years of supervised release and the special

19    assessment fee of $100.  And there could be restitution as

20    well.  And then as to count 2, that is a filing a -- filing

21    false income tax return.  And are both defendants charged in

22    both counts?

23            MR. HARMON:  Just Mr. Sears is charged in count 2,

24    Your Honor.

25            THE COURT:  All right.  So as to, Mr. Sears,

United States of America vs.                                        Motions Hearing
William J. Sears, Scott M. Dittman                                  September 15, 2016

Page 7

1    you're charged in count 2 as well.  And with filing a false

2    income tax return in violation of Title 26 USC § 7206(1).

3    And that carries with it a penalty of not more than three

4    years imprisonment, not more than a $250,000 fine, or both

5    imprisonment and a fine, not more than one year of supervised

6    release together with the costs of prosecution, and a $100

7    special assessment.  So, Mr. Sears, do you understand the

8    charges against you and the penalties that you face?

9              DEFENDANT SEARS:  Yes, I do, ma'am.

10             THE COURT:  All right.  And, Mr. Dittman, do you

11   understand the charge against you and the penalties you case?

12             DEFENDANT DITTMAN:  Yes, I do, Your Honor.

13             THE COURT:  All right.  So do I need to read the

14   indictment or are you prepared to go to arraignment without

15   having the indictment read?

16             MR. WINOCUR:  Your Honor, we would waive reading

17   of the information (inaudible).

18             THE COURT:  I'm sorry.  Information, not

19   indictment.

20             MR. TAYLOR:  Your Honor, we would waive reading

21   and any further advisement.  Thank you.

22             THE COURT:  All right.  And so do you want to

23   tender pleas at this time to the information?

24             MR. WINOCUR:  Yes, Your Honor.  We would tender

25   not guilty (inaudible).

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 8

1          THE COURT:  All right.

2          MR. TAYLOR:  And at this time, Your Honor, we

3   would tender a plea of not guilty to count 1.

4          THE COURT:  All right.  The not guilty pleas will

5   be accepted as to Mr. Sears and Mr. Dittman as to each of the

6   counts in which they are charged.

7          Now, I don't have a discovery order.  Do you think

8   you don't need one because of just the way it's proceeding?

9          MR. HARMON:  Well, Your Honor, I'm -- I'm -- yes.

10  I will tell you, it's my position that we have been giving

11  over informal discovery prefiling disclosure.  We will

12  continue to give that over.  I am happy -- we have prepared

13  the standard discovery conference memo and order, and we're

14  prepared to submit it.  And I will take my leave from defense

15  counsel.  The government is going to give over this

16  information regardless.

17         THE COURT:  Okay.

18         MR. HARMON:  Because it's a change of plea, we'll

19  give it over as agreed upon by counsel at the appropriate

20  time.  Counsel has indicated that they are more concerned

21  about having a good, healthy disclosure by the time of

22  sentencing.  They've told me that -- at least Mr. Taylor has

23  told me that -- and I believe Mr. Winocur shares this, is

24  that they've each had sufficient disclosure to inform their

25  clients about this plea agreement and this plea deal.  So I

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 9

 1    think what we're talking about is really disclosure with an

 2    eye towards sentencing.

 3            THE COURT:  Okay.  So do you -- do you want to do

 4    a discovery report?  I mean, it protects defendants, I think,

 5    to have that on file.

 6            MR. TAYLOR:  I think Mr. Winocur is passing the

 7    baton to me.  Just a moment, Your Honor.  Okay.  As for

 8    Mr. Dittman, Your Honor, I will tell you that Mr. Harmon has

 9    informed you correctly that there has been pre plea discovery

10    thus far.  It has been fair -- fairly significant.  There is

11    additional discovery to be done.  We've requested it.  We

12    have prepared and signed the discovery conference memorandum

13    and order for your signature.  We are asking that it be

14    entered.  I think the -- I asked Mr. Harmon how long the

15    government needed to make additional discovery.  And I think

16    it was somewhere between three and four weeks.  That's

17    adequate.  And I will tell the Court that I also told

18    Mr. Harmon that we are primarily interested in -- in full

19    discovery for the purpose of sentencing.  There are some

20    controverted facts that will be relevant for sentencing.  But

21    that with a -- if the Court wants to enter a discovery

22    deadline for three, four weeks, that would be fine.  And you

23    can note that subject to modification by agreement of the

24    parties, it is -- it has been a cooperative effort thus far.

25            THE COURT:  Maybe -- maybe the problem is that I

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 10

 1    don't have those reports.  Am I supposed to have them?

 2              MR. HARMON:  Well, I've given them to counsel.  I

 3    guess they need to hand them up.

 4              THE COURT:  Oh, okay.

 5              MR. HARMON:  Yeah.

 6              MR. TAYLOR:  I don't actually have it, Your Honor.

 7    I don't know where it went.

 8              MR. HARMON:  Oh, I -- you know what?  I have --

 9              MR. TAYLOR:  It's -- it's --

10              MR. HARMON:  I'm sorry.  I'm sorry.  My error.

11    I've got -- I've actually got Mr. Dittman's signed here.  I

12    think Mr. Sears is a little (inaudible).  And I'll give it to

13    him to hand up (inaudible).  Sorry.

14              THE COURT:  Okay.  So -- so defendants have --

15    you've had a chance to see these and sign them?  Okay.

16              MR. TAYLOR:  Yes.  And I've advised my client on

17    it, Your Honor.

18              THE COURT:  All right.  And do you think we need

19    to fill in the speedy trial dates?

20              MR. TAYLOR:  I would out of an abundance of

21    caution, Your Honor, given the --

22              THE COURT:  Okay.  Ms. Clair (phonetic) --

23              UNIDENTIFIED SPEAKER:  (Inaudible).

24              THE COURT:  -- have you had any chance to run

25    them?  We have a little software program that helps that.

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 11

1          MR. TAYLOR:  So -- so -- so I've heard.

2          THE COURTROOM DEPUTY:  If I can have just a

3   moment, Your Honor.  I'm sorry.  I thought I put it in the

4   pile.

5          THE COURT:  Well, maybe you did and I'm

6   overlooking it.  But I don't see it here.  Oh, wait.  I do.

7   I'm sorry.  I have it.  I was covering it up too, so -- all

8   right.

9          So let me fill -- I'm going to fill this in then

10  on both of these discovery orders.  The 30-day date is

11  October 15, 2016, and the 70-day date is November 24, 2016.

12  The 90-day date is not going to be applicable because the

13  defendants are going to be on bond.  So what do you want me

14  to fill in for the date for discovery, the -- the completion

15  of it?

16          MR. HARMON:  Well, Judge, how about -- I'm open to

17  the language, but I think Mr. Taylor is getting 30 days

18  unless modified by agreement of counsel.  Is that --

19          MR. TAYLOR:  That's fine, Your Honor.

20          THE COURT:  So can we put in a date certain then,

21  like 30 days from today?

22          MR. TAYLOR:  Yes, Your Honor.  That's fine.

23          MR. HARMON:  All right.  The only reason that as

24  modified by counsel clause would go in, Your Honor, is

25  because I think both counsel understand that this really

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 12

1  needs to be staged discovery so that there are -- there are

2  other matters that are to the benefit of all sides that

3  should be attended to before we get down to the nitty-gritty

4  of getting every document over.  And Mr. Taylor expressed it

5  accurately.  That really the relevant timeframe for the

6  discovery is at the time of sentencing, which we project not

7  to take place for sometime.

8        THE COURT:  Okay.  So --

9        MR. TAYLOR:  I will say this, Your Honor:  I -- I

10  think that we've been -- have been working with the

11  government to identify discovery that is most relevant for

12  the various stages of proceedings that we've been

13  approaching.  We'll continue to do that.  I don't anticipate

14  there will be problems.  So we can set a deadline for the

15  30th, and if it needs to be pushed to the right because of

16  considerations of mutual interest, we'll work on that.

17        THE COURT:  Okay.  Well, 30 -- 30 days from today

18  would be the 15th of October, which is a Saturday.  So how

19  about we say the 17th of October?

20        MR. TAYLOR:  That's fine, Your Honor.  Thank you.

21        THE COURT:  Okay.  So 10/17/16.  And I wrote -- I

22  handwrote in here, Unless modified by counsel.  And then

23  reciprocal discovery?

24        MR. TAYLOR:  If we could have 10 days after that,

25  Your Honor.

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 13

```
 1              THE COURT:  So let's see.  17 --

 2              MR. TAYLOR:  Look for the next Saturday maybe.

 3              THE COURT:  Yeah.  Saturday is the 29th.  How

 4  about the 28th?

 5              MR. TAYLOR:  That's great.  Thank you.

 6              THE COURT:  Okay.  So 10/28/16.

 7              MR. WINOCUR:  Those dates are (inaudible).

 8              THE COURT:  Okay.  I will fill them in.  Okay.

 9  Now, I've signed Mr. Dittman's.  And bear me just a minute

10  and I'll fill in the same dates.  Let's see.  I said the

11  17th, right?  10/17.

12              MR. TAYLOR:  Yes, Your Honor.

13              THE COURT:  Okay.  So I have both of those signed.

14  And we'll docket them in the file along with the information,

15  obviously, and the waivers.  I think that leaves us just with

16  the issue of bond.  And then you're going to have to go and

17  talk to Judge Martinez about any other dates.  Are you

18  prepared to do that this afternoon?

19              MR. HARMON:  Absolutely.

20              MR. TAYLOR:  Yes, Your Honor.

21              MR. WINOCUR:  Yes.

22              THE COURT:  Okay.  All right.  So let me look at

23  the two -- the bond conditions.  Both recommendations are for

24  a PR bond.  Is that acceptable to the government?

25              MR. HARMON:  Yes.
```

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 14

```
 1              THE COURT:  All right.
 2              MR. HARMON:  We just would request surrender of
 3    travel documents, passports, things like that.
 4              THE COURT:  All right.  If I say something that
 5    you object to, tell me, because I thought what I'm going to
 6    read to you is agreed to, but if it's not, let me know.
 7              I think the defendants come a bit differently
 8    because of criminal history.  But given the statements of the
 9    government, that they are not seeking any particular
10    conditions except for, you know, surrendering their passport.
11    And I don't see where -- is that on this?  For probation,
12    did -- I don't see it on here on the appearance bonds.
13              UNIDENTIFIED SPEAKER:  I'll get one prepared, Your
14    Honor.
15              THE COURT:  Okay.  I think we should just put that
16    extra sheet in there.  And it's agreed that the defendants
17    are not going to be supervised; is that correct?
18              MR. HARMON:  The government doesn't have any need
19    for that supervision, Your Honor.
20              THE COURT:  All right.  And is that what you've
21    agreed to?
22              MR. TAYLOR:  Yes, Your Honor.  Thank you.
23              MR. WINOCUR:  That's (inaudible).
24              THE COURT:  Okay.  So while we're getting those
25    extra sheets in here, there -- it is a condition of release.
```

Page 15

```
 1   And when you -- I want you to surrender your passport and
 2   agree -- agree to not travel outside of the -- do you want
 3   them confined to the state or just the country?
 4           MR. HARMON:  I'll let Mr. Taylor start the
 5   conversation.
 6           MR. TAYLOR:  If I may, Your Honor.  Mr. Dittman is
 7   a resident of the state of Pennsylvania and has flown in for
 8   today's proceedings.  He also has business that takes him
 9   around the country.  Unless there is some concern, I would
10   ask that he be allowed to continue his business here.  He
11   does have his passport with him today.  He is surrendering it
12   to me.  And I will surrender it, in turn, to the clerk's
13   office in accordance with my agreement with Mr. Harmon.  I
14   would ask that the Court leave to discussions between me and
15   the government whether or not any further travel restrictions
16   would be required.
17           THE COURT:  Okay.  But you're not asking for any?
18           MR. HARMON:  I'm not asking for it at this time.
19           THE COURT:  Okay.
20           MR. HARMON:  I suppose if there's an issue down
21   the road we can come back and talk to the Court about it.
22           THE COURT:  Well, I did talk to -- to probation.
23   And they stated that -- I can't remember who, but at least
24   one of -- one of the defendants travels out of the country.
25   And I'm not comfortable with that.  And I don't think there's
```

United States of America vs.                                                    Motions Hearing
William J. Sears, Scott M. Dittman                                         September 15, 2016

                                                                                      Page 16

 1  anywhere you can go without your passport anymore.

 2          MR. HARMON:  So, Judge -- and from the

 3  government's perspective, we're not comfortable with that

 4  either.  We would want -- domestic travel is one thing.

 5  International travel is another thing.

 6          THE COURT:  Right.

 7          MR. TAYLOR:  And I think without his passport --

 8  Mr. Dittman does travel from time to time to Canada.  He has

 9  business interests in Canada.  If there is some business need

10  for him to go there, obviously we'll talk with Mr. Harmon

11  about that.  He's surrendering his passport.  He doesn't have

12  a passport card.  He doesn't even know what one is.  So

13  that's not an issue, Your Honor.

14          THE COURT:  Okay.

15          MR. TAYLOR:  We'll take up any need to go to

16  Canada with Mr. Harmon if -- if it becomes --

17          THE COURT:  So you think there's a way he could go

18  to Canada without a passport?  I didn't think there was.

19          MR. TAYLOR:  No.  I think you can go with a

20  passport card.  You don't actually need the book anymore.

21          THE COURT:  Okay.

22          MR. TAYLOR:  So you can go just with a card

23  between Canada and I think Mexico.

24          THE COURT:  Okay.

25          MR. TAYLOR:  Beyond that, I don't know because I

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 17

1  haven't used mine that way.  So, thank you, Your Honor.

2          THE COURT:  Well, let me just advise both

3  defendants.  You can't go outside the Continental US.  It's

4  going to be a violation of your bond if you do.  So I'm going

5  to -- I'm going to -- I'm going to get your passports from

6  you.  Do you both have them today?

7          DEFENDANT SEARS:  I do not have mine today.  I can

8  bring it to you tomorrow, ma'am.

9          THE COURT:  Okay.  So -- so we'll just ask that

10  you surrender your passports.  And then I'm going to advise

11  you that you can't travel outside of the Continental US.  And

12  so you need to -- I don't think you can make arrangements to

13  do it otherwise because I'm not going to give you your

14  passports back.  So I think you're going to have to make

15  other arrangements for Canada while you're on bond.  Okay?

16  Because there is a requirement that you not obtain any travel

17  documents.  For instance, don't go get a passport card,

18  right?

19          DEFENDANT DITTMAN:  All right.

20          THE COURT:  You can't do that.  Now, you're not

21  going to be supervised.  You're -- this is kind of on your

22  word, right?  But there are a couple of things I want to go

23  over with you.  A bond is -- even an unsupervised bond like

24  this, it's a pretty lightweight thing.  There's a couple of

25  things that are very important.  The first is that you show

Page 18

1    up for court because obviously that's what bond is for.  You

2    know, it's your promise that you will show up for court.  So

3    that is the most important thing.  Also, you cannot get into

4    any trouble while you're on bond.  And given both of your

5    criminal history, I have no reason to believe that you will.

6    And by that, I don't mean that -- if you get a minor traffic

7    ticket that would not violate your bond.  A major traffic

8    ticket, though, would.  Okay.  A DUI or something like that

9    would.  Anything that has a mandatory court appearance

10   attached to it which might be a careless driving or reckless

11   driving, those -- that would violate your bond.  So no

12   trouble while you're on bond.  So there -- those are the two

13   real things because you're going to pass -- you're going to

14   surrender your passports, you know, either today or tomorrow.

15   So I want you to understand that if you were to violate those

16   things, not only could your bond be revoked, which means

17   you'd go to jail pending the outcome of your cases.  Cases is

18   correct, I think.  And the government actually could file

19   bond jumping charges against you if you do something like

20   that.  And that carries a penalty of up to 10 years

21   imprisonment, a $250,000 fine or both imprisonment and a

22   fine.  So it's a very serious charge in and of itself.  And,

23   again, I'm giving you that advisement not because I think

24   you'll do it, but just because I want you to be aware, you

25   know, that you're -- when you sign this bond you're -- you're

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 19

 1   taking on some responsibility even though you're not

 2   supervised.  So those are the two requirements.

 3           Now, on -- on here I have checked on the

 4   additional conditions of release.  And you'll -- you'll see

 5   this long form with your attorney.  There are only two Xs on

 6   it.  And it says that you will surrender the pass -- any

 7   passport to the clerk's office within 24 hours.  And then the

 8   very next one is do not obtain a passport or other

 9   international travel documents.  And then you'll abide by the

10   conditions restricting your travel to the Continental United

11   States.  So those three are all together, so you won't miss

12   them.

13           MR. HARMON:  Your Honor, I don't -- I would want

14   to interject something before the Court moves on beyond the

15   bond conditions.  My apologies up-front.  It's something that

16   I do need to bring to the Court's attention.  And I think I

17   need to do it at side bar with both counsel.

18           THE COURT:  All right.  Go ahead.  I'm sorry.  I

19   thought you were going to talk to each other.

20           MR. HARMON:  No, no, no.  This is about --

21           (Bench conference off the record.)

22           THE COURT:  All right.  There were a few matters

23   that needed discussion outside of the public record.  I do

24   want to advise Mr. Sears in particular that -- or, excuse me,

25   it's Mr. Dittman.  Mr. Dittman, I just want to advise you in

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 20

1    a general way that part of the bond conditions -- part of the

2    not to violate the law in any way would mean that

3    notwithstanding the fact that you're wrapping up business,

4    that's all right.  I understand what's going on.  And that's

5    fine with me.  I don't consider that a bond violation,

6    however, you are cautioned that any new business that would

7    be started up that would be violative of federal law would be

8    a violation of your bond.  Do you understand?  All right.  Is

9    that a sufficient record?

10            MR. HARMON:  Yes, Your Honor.

11            MR. TAYLOR:  Thank you, Your Honor.

12            THE COURT:  All right.  So let me have the clerk

13   pass down these two -- the bonds.  Now, you'll see that the

14   one paper is kind of not attached, but we'll get it attached

15   when we get things filed electronically.  Do -- do the

16   defendants need to go see the marshals today or has that

17   already been done?

18            MR. TAYLOR:  No.  That needs to be done, Your

19   Honor.

20            MR. WINOCUR:  We'll go there right now.

21            THE COURT:  All right.  Okay.  I've signed both of

22   the bonds now.  And both defendants had signed where they're

23   supposed to.  And I've checked the box on the back of the

24   bond that says The defendants are ordered released after

25   processing.  I mean, you're not in custody, so that's a bit

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 21

 1   of a misnomer, but I expect you to go to the marshal service

 2   following this.  I suspect they'll want to fingerprint you

 3   and photograph you and all that stuff.  But -- but you need

 4   to take care of that while you're here today.

 5           And then, Mr. Taylor, you have a passport.  And

 6   tomorrow the clerk's office is where you'll go to see the

 7   marshals.  So that's where you go to turn in your passport

 8   tomorrow.

 9           UNIDENTIFIED SPEAKER:  Anybody in specific I

10   should see?

11           THE COURT:  No.  Just tell them your case number.

12   Hand them -- and they'll know.  They'll know.

13           UNIDENTIFIED SPEAKER:  Thank you.

14           MR. TAYLOR:  Thank you, Your Honor.

15           THE COURT:  Anything further that we need to do in

16   this case today?

17           MR. HARMON:  No.  Thank you, Your Honor.

18           MR. WINOCUR:  No, Your Honor.  Thank you.

19           MR. TAYLOR:  Nothing for Mr. Dittman.  Thank you.

20           THE COURT:  All right.  Then we'll be in recess on

21   that matter.  And Court will take a brief recess while

22   everybody else comes in.

23           MR. TAYLOR:  Thank you, Your Honor.

24           THE COURTROOM DEPUTY:  All rise.  Court is in

25   recess.

United States of America vs.
William J. Sears, Scott M. Dittman

Motions Hearing
September 15, 2016

Page 22

```
 1          (Whereupon, the within hearing was then in

 2    conclusion at 2:20 p.m.)

 3

 4

 5          I certify that the foregoing is a correct

 6    transcript, to the best of my knowledge and belief (pursuant

 7    to the quality of the recording) from the record of

 8    proceedings in the above-entitled matter.

 9

10

11

12    /s/ Laurel S. Tubbs                    November 28, 2016

13    Signature of Transcriber               Date

14

15

16

17

18

19

20

21

22

23

24

25
```