IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00301-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     WILLIAM J. SEARS, and
2.     SCOTT M. DITTMAN,

        Defendants.

## JOINT STATUS REPORT

The United States of America, by Jeremy Sibert; William Sears, by Peter Bornstein; and Scott Dittman, by Philip Dubois and Andres Guevara, submit this joint status report.

1.     By its order of March 6, 2018 (Doc. 122), this Court required the parties to file an updated joint status report addressing the items listed in the Court's minute entry of March 31, 2017 (Doc. 79).  Those items are: (1) whether a further status conference is appropriate or necessary; (2) whether the parties continue to believe a pre-sentencing evidentiary hearing is required; and (3) whether there is any reason the Court cannot proceed to re-setting the sentencing hearing(s) and the evidentiary hearing on contested sentencing facts, should the parties continue to believe that such a hearing is necessary.

2.     The defendants pled guilty pursuant to agreements with the government

that required the defendants to cooperate with the government. (Docs. 56, 67-68). The principal focus of the defendants' ongoing assistance and cooperation pertains to the pending prosecution of Guy Jean-Pierre, who is charged in *United States v. Jean-Pierre*, Case No. 17-cr-0008-WJM (D. Colo.). Mr. Jean-Pierre's trial has been continued to May 21, 2018.

3. The parties have conferred, and the defendants, through counsel, have determined that their position(s) concerning whether factual sentencing issues should be litigated will be shaped and informed by sentencing decisions, positions, and recommendations that will be made by the parties arising out of the defendants' assistance to the government in the prosecution of Guy Jean-Pierre and potential other matters. As a result of Mr. Jean-Pierre's pending trial, defendants are still under the obligation to cooperate pursuant to their plea agreements. Since defendants may cooperate, sentencing decisions, positions, and recommendations arising from that cooperation are not yet ripe. The parties are therefore not in a position authoritatively and reliably to state to the Court at this time which sentencing facts are currently in dispute that would need to be resolved by the Court prior to a sentencing hearing. The parties ask leave to submit additional joint status reports as the prosecution of Jean-Pierre progresses and the defendants' cooperation unfolds. The government has informed defense counsel their concerns with the defendants' lack of cooperation up to this point.

4. **Whether a further status conference is appropriate or necessary: t**he parties do not believe that a status hearing is necessary. Periodic status reports will ensure that the case remains under control.

5. **Whether the parties continue to believe a pre-sentencing evidentiary hearing is required:** the parties address this question in paragraph 3 above. The short answer is that the parties cannot yet make a reasoned and well-grounded decision on whether to ask for a pre-sentencing evidentiary hearing.

6. **Whether there is any reason the Court cannot proceed to re-setting the sentencing hearing(s) and the evidentiary hearing on contested sentencing facts, should the parties continue to believe that such a hearing is necessary:**

Because

   a. the Jean-Pierre trial will not occur at least until May 21, 2018,

   b. any sentencing that may result from a conviction of Mr. Jean-Pierre will not happen for some time after that,

   c. cooperation obligations are ongoing,

   d. the defense needs more time to investigate some of the contested sentencing facts, including the lack of cooperation by defendants at this time, and

   e. counsel for Mr. Sears is new to a complex case the discovery in which amounts to thousands of pages, to include Mr. Sears lack of credibility in his cooperation as of this notice,

   f. New counsel for Mr. Sears, Peter Bornstein, needs time (60 days) to evaluate the filing of a motion to withdraw his plea. Obviously, the filing of such a motion will impact the re-setting of sentencing hearings.

The parties ask that the sentencing hearings continue to be deferred and that the case continue until a time after Mr. Jean-Pierre's trial.

Respectfully submitted this 21st day of March, 2018.

*s/ Jeremy Sibert*
Jeremy Sibert
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street Suite 700
Denver, Colorado  80202
Telephone: (303) 454-0100
Fax:  (303) 454-0402Email:
    jeremysibert@usdoj.gov

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Boulevard
Suite 500
Greenwood Village, CO 80111
720-354-4440
Fax: 720-287-5674
Email: pbornstein@prblegal.com
*Lawyer for William Sears*

*s/ Philip L. Dubois*
Philip L. Dubois
411 S. Cascade Ave. F12
Colorado Springs, CO 80903-3809
Telephone: (719) 635-4848
Email:    dubois@dubois.com

*s/ Andres Guevara*
Andres Rene Guevara
Andres R. Guevara, Law Office of
2806 N. Speer Boulevard
Denver, CO 80211
720-379-8262
Fax: 720-699-9170
Email: andres@guevaracoloradolaw.com

*Lawyers for Scott Dittman*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*s/ Jeremy Sibert*