IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00301-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    WILLIAM J. SEARS,

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR DIRECT ASSETS, SUBSTITUTE ASSETS, AND A PERSONAL FORFEITURE MONEY JUDGMENT AGAINST DEFENDANT WILLIAM J. SEARS**
_____

        COMES NOW the United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Tonya S. Andrews, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, and moves this Court to enter a Preliminary Order of Forfeiture in this case.

        In support, the United States sets forth the following:

**I.**    **Procedural Background**

        1.    On November 14, 2016, defendant William J. Sears was charged by Information in Counts One and Two with conspiracy to defraud the United States and one of its agencies, by committing violations of 15 U.S.C. §§ 78j(b) and 78ff(a), 15 U.S.C. § 77e(a) and 78ff(a), 18 U.S.C. § 1341, and 18 U.S.C. § 1343, all in violation of 18 U.S.C.

1

§ 371; and with willfully making a false declaration under the penalty of perjury, in violation of 26 U.S.C. § 7206(1). (Doc. 43).

2. The Information also sought forfeiture against defendant Sears, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of numerous assets, including a money judgment, that constituted or derived from gross proceeds traceable to the commission of the offense charged in Count One of the Information or property traceable to such property. (Doc. 43).

3. On November 14, 2016, the United States and defendant Sears entered into a Plea Agreement in this case, in which he plead guilty to Counts One and Two of the Information, with conspiracy to defraud the United States and one of its agencies in violation of 18 U.S.C. § 371; and with filing a false income tax return, in violation of Title 26, United States Code, Section 7206(1). (Doc. 56). In the Plea Agreement, defendant Sears agreed to forfeit to the United States any and all interest he may have in all of the following property derived from the sale of Fusion Pharm common stock, and constituting direct and indirect proceeds of Count One:

   1) $27,066.23 in United States currency seized from Wells Fargo Bank Account No. 6020559917, held in the name of Meadpoint Venture Partners;

   2) $9,455.56 in United States currency seized from Wells Fargo Bank Account No. 7784731577, held in the name of Sandra L. Sears;

   3) $8,462,621.25 in United States currency seized from Moors and Cabot Trust Account No. 4597-6546, held in the name of Sandra Lee Sears, Tr. Sandra Lee Sears Ttee[1]; and

---

[1] Pursuant to the plea agreement, the Government agreed to apply $2,472,945 of the Moors and Cabot funds, to Mr. Sears' restitution.

    4) $250,000 in United States currency held in lieu of earnest money held on deposit for the purchase of 4200 Monaco Street, Denver, Colorado.[2]

4. The defendant further agreed to forfeit, as substitute assets:

    a. $147,724.38 realized from the sale of 13442 Jackson Drive, Thornton, Colorado, 80241; and

    b. Any monetary value he realizes in the future from his interest in FusionPharm, Inc. ("FusionPharm").[3]

5. The defendant also agreed to the entry of a preliminary order of forfeiture for a personal money judgment described above. Specifically, the defendant agreed that $12,204,172.00 constituted proceeds from the defendant and his co-defendant's scheme.[4]

6. As set forth in the Affidavit of Special Agent Jared Erwin, Internal Revenue Service, defendant Sears obtained and retained $10,810,916.90 of the $12,204,172.00 in FusionPharm stock sales proceeds, personally or through accounts he controlled. *See* Affidavit of Special Agent Jared Erwin, Internal Revenue Service (hereinafter "Erwin Aff."), Attachment A, p. 8, ¶¶31, 33.

---

[2] Defendant William Sears also agreed to the forfeiture of numerous other direct assets. However, those assets were under the direction and control of co-defendant Scott Dittman and are being directly forfeited from defendant Dittman.

[3] The government is presently unaware of any funds realized by the defendant from the dissolution of FusionPharm.

[4] The parties agreed that the defendant and his co-defendant Scott Dittman would be joint and severally liable for the forfeiture money judgment. (Doc. 67, p. 2-3). However, in June 5, 2017, in *United States v. Honeycutt*, the Supreme Court determined that there was no legal authority for joint and several forfeiture money judgments. Rather, the Court held that a defendant could only be found liable for the proceeds he obtained, directly or indirectly, from the criminal conduct. Accordingly, the United States analyzed the financial accounts in this case to determine the amount of funds obtained by defendant William Sears and co-defendant Scott Dittman, respectively.

7.     The United States has identified $8,896,867.41 in direct and substitute assets that are subject to forfeiture from defendant William Sears. *See* Erwin Aff. ¶34.

8.     Therefore, the United States seeks an order of forfeiture against defendant William Sears of the following:

    1).   The following directly traceable assets:

        a.   $27,066.23 in United States currency seized from Wells Fargo Bank Account No. 6020559917, held in the name of Meadpoint Venture Partners;

        b.   $9,455.56 in United States currency seized from Wells Fargo Bank Account No. 7784731577, held in the name of Sandra L. Sears;

        c.   $8,462,621.25 in United States currency seized from Moors and Cabot Trust Account No. 4597-6546, held in the name of Sandra Lee Sears, Tr. Sandra Lee Sears Ttee; and

        d.   $250,000 in United States currency held in lieu of earnest money held on deposit for the purchase of 4200 Monace Street, Denver, Colorado.

    2).   The following substitute assets:

        a.   $147,724.38 realized from the sale of 13442 Jackson Drive, Thornton, Colorado, 80241; and

        b.   any monetary value realized in the future from his interest in FusionPharm.

    3).   A personal money judgment in the amount of $1,914,049.49.

## II.   Argument

Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture after a plea of guilty. When a personal money judgment is sought, "the court must determine the amount of money the

4

defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).  Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment."  Fed. R. Crim. P. 32.2(b)(2)(A).  It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of all property constituting or derived from proceeds traceable to specified unlawful activity such as those in violation of 15 U.S.C. §§ 78j(b) and 78ff(a), 15 U.S.C. § 77e(a) and 78ff(a), 18 U.S.C. § 1341, and 18 U.S.C. § 1343.  In this case, the defendants William Sears and Scott Dittman obtained $12,204,172.00 from the criminal conduct charged in Count One, conspiracy to defraud the United States and one of its agencies, by committing violations of  15 U.S.C. §§ 78j(b) and 78ff(a), 15 U.S.C. § 77e(a) and 78ff(a), 18 U.S.C. § 1341, and 18 U.S.C. § 1343, all in violation of 18 U.S.C. § 371.  Of these $12,204,172.00 in proceeds realized by the conspiracy, defendant William Sears retained $10,810,916.90 in FusionPharm stock proceeds.  *See* Erwin Aff ¶33.

**1).     Direct Assets**

In this case, the United States has shown, and the defendant has agreed, that $8,749,143.04 of the proceeds from the criminal offense were traceable to the following directly forfeitable assets:

1) $27,066.23 in United States currency seized from Wells Fargo Bank Account No. 6020559917, held in the name of Meadpoint Venture Partners;

2) $9,455.56 in United States currency seized from Wells Fargo Bank Account No. 7784731577, held in the name of Sandra L. Sears;

3) $8,462,621.25 in United States currency seized from Moors and Cabot Trust Account No. 4597-6546, held in the name of Sandra Lee Sears, Tr. Sandra Lee Sears Ttee; and

4) $250,000 in United States currency held in lieu of earnest money held on deposit for the purchase of 4200 Monace Street, Denver, Colorado.

### 2.) **Substitute Assets**

When proceeds or directly forfeitable property are unavailable, the court "shall order" the forfeiture of substitute assets up to the value of the unavailable assets. 21 U.S.C. § 853(p)(2). Pursuant to 21 U.S.C. § 853(p), an asset is unavailable when "as a result of any act or omission of the defendant" the asset: "(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third person; (C) has been placed beyond the jurisdiction of the Court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p)(1)(A)-(E). These factors are determined by the court. *United States v. Alamoudi*, 452 F.3d 310, 315 (4th Cir. 2006) (Section 853(p) "requires the court to allow the Government to seize substitute property when the defendant has placed the assets initially sought - and to which the Government is legally entitled - beyond the court's reach."). Further, Section 853(p) is interpreted "liberally" so as to prevent "efforts by a defendant to circumvent the

economic impact of an anticipated criminal forfeiture sentence." *Id.* at 316 (citation omitted).

In this case, the United States has identified two assets belonging to defendant William Sears that may be forfeited as a substitute asset: (1) $147,724.38 realized from the sale of 13442 Jackson Drive, Thornton, Colorado, 80241; and (2) any monetary value he realizes in the future from his interest in FusionPharm, Inc. ("FusionPharm").[5]

### 3). Money Judgment

The United States also seeks a money judgment for the proceeds obtained by defendant William Sears that it was unable to recover through directly traceable assets or identified substitute assets. In determining the amount of a money judgment, the Court must determine the amount of proceeds obtained by the defendant that are no longer available for forfeiture for the reasons set forth in 21 U.S.C. § 853(p). As noted above, these are proceeds that "(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third person; (C) has been placed beyond the jurisdiction of the Court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p)(1)(A)-(E).

Here, defendant William Sears obtained $10,810,916.90 of the $12,204,172.00 in proceeds of the offense in Count One for which defendant Sears has pleaded guilty. *See* Erwin Aff. ¶33. As set forth above, the United States has identified and is seeking

---

[5] The government is presently unaware of any funds realized by the defendant from the dissolution of FusionPharm.

7

forfeiture of $8,896,867.41 in directly traceable assets ($8,749,143.04) and substitute assets ($147,724.38). Accordingly, the United States seeks an order of forfeiture in the form of a personal money judgment in the amount of $1,914,049.49 in proceeds which were obtained and retained by William Sears but were since dissipated or transferred to third parties and are unable to be located by the United States.

### Conclusion

Accordingly, the United States requests that the Court grant its Motion for Preliminary Order of Forfeiture for Direct Assets, Substitute Assets, and a Personal Money Judgment against Defendant William J. Sears.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for Direct Assets, Substitute Assets, and a Personal Money Judgment, tendered herewith, for the reasons set forth above.

DATED this 12th day of February 2019.

        Respectfully submitted,

        JASON R. DUNN
        United States Attorney

By:    s/ Tonya Andrews
        Tonya S. Andrews
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California Street, Ste. 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: tonya.andrews@usdoj.gov
        *Attorney for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

*s/ Jody Gladura*
FSA Paralegal
Office of the U.S. Attorney