## AFFIDAVIT IN SUPPORT OF MOTION FOR

## PRELIMINARY ORDER OF FORFEITURE

I, Jared Erwin, Special Agent with the Internal Revenue Service, being duly sworn, deposes and states under penalty of perjury that the following is true to the best of my information, knowledge, and belief.

### Entities

1.      FusionPharm, Inc. ("FusionPharm") is a Nevada corporation headquartered in Commerce City, Colorado. Scott Dittman is the President and CEO of FusionPharm.

2.      Microcap Management LLC ("Microcap") was formed in 2009 by William Sears. Sears controlled Microcap's bank accounts and brokerage accounts. Sears sold FusionPharm stock through his Microcap brokerage accounts from April 2011, through December 2012.

3.      Bayside Realty Holdings LLC ("Bayside") was formed on October 28, 2011 by Sandra Sears, William Sears' mother. According to a former employee of FusionPharm, Defendant Sears controlled Bayside and would tell his mother what actions he wanted her to take on behalf of Bayside. Sandra Sears substantively confirmed the employee's statements during a May 16, 2014 interview with the FBI at her home in North Carolina. Sandra Sears said that Defendant Sears requested her to open bank accounts in the name of Bayside because she was the only person he could trust with his money. Despite Sandra Sears' superficial management of Bayside, Defendant Sears ultimately managed all deposits and withdrawals from the

accounts. According to Sandra Sears, Defendant Sears would contact her when he wanted her to wire money out of the accounts in her name. Even though Sandra Sears had access to the accounts to wire money, Defendant Sears was a signor on all of Bayside's accounts at the bank and was the signor of most, if not all, of the checks drafted on the account.

4.      Meadpoint Venture Partners, LLC ("Meadpoint") was formed on October 24, 2011, by Defendant Sears. Meadpoint operated out of the same office space and shared employees with FusionPharm. As of November 11, 2011, Meadpoint was FusionPharm's exclusive distributor for PharmPods in North America. According to the agreement, Meadpoint would purchase the PharmPods at a 15% discount to the retail sales price.

5.      Defendant Sears controlled Meadpoint's bank account and brokerage accounts. As discussed in detail below, Meadpoint was also a purported lender to FusionPharm in 2011.

6.      Dittman was directly involved with Meadpoint. According to an email sent from Defendant Sears to Dittman on November 14, 2011 containing an attachment titled "Meadpoint Shareholder Agreement.docx," Defendants Dittman and Sears were each 50% owners of all the issued shares and outstanding stock of the Corporation. It also stated that both Defendants Dittman and Sears will have equal say in the management of Meadpoint. The document was dated October 31, 2011 and was not signed.

**Dittman and Sears Realize Millions in Profits**

7.      Given that Defendant Dittman was required to disclose his stock transactions, Defendant Sears sold millions of shares for their mutual benefit through the affiliated entities.  He did this by selling shares of FusionPharm's common stock and selling portions of the Bayside and Meadpoint promissory notes, as set forth below.

8.      From April 2011 through July 2012, Microcap sold 678,727 shares of FusionPharm stock through its Oppenheimer account, resulting in proceeds of $1,505,732.  These proceeds were deposited into Wells Fargo Bank account #5993910560 ("account #0560).  Wells Fargo Bank account #0560 was held in the name of Microcap Management, LLC with Defendant William Sears as the only signor.

9.      From August 2012 through December 2012, Microcap sold 56,273 shares of FusionPharm stock through its Scottsdale account, resulting in proceeds of $84,386.  These proceeds were deposited into Wells Fargo Bank account #0560.

10.      In February 2013, Bayside sold a promissory note to five investors for $250,000.00.    These funds were deposited into Wells Fargo Bank account #3905862037 ("account #2037").  Wells Fargo Bank account #2037 was held in the name of Bayside Realty Holdings, LLC, with Defendant William Sears and Sandra L. Sears as signors.

11.     From February 2013 through April 2013, Bayside sold 140,000 shares of FusionPharm stock through a Scottsdale account, resulting in proceeds of $75,129. These funds were deposited into Wells Fargo Bank account #2037.

12.     From May 2013 through May 2014, Meadpoint sold 3,190,314 shares of FusionPharm stock through a Scottsdale Securities account, resulting in proceeds of $10,188.925. These proceeds were deposited into Wells Fargo Bank account #6020559917 ("account #9917"). On November 15, 2011, Defendant William Sears opened Meadpoint Wells Fargo Bank account #9917 held in the name of Meadpoint Venture Partners. Defendant Sears was the sole signer of this account until October 21, 2013, when Sandra L. Sears was added.

13.     In September 2013, Meadpoint sold 1,000,000 shares of FusionPharm stock to an individual investor for $100,000.00. These proceeds were deposited into Wells Fargo Bank account #9917.

14.     In total, as outlined above, Defendant Sears' controlled entities and accounts received $12,204,172 in FusionPharm stock proceeds.

**Proceeds and funds seized from Sears' controlled accounts and assets**

15.     On May 16, 2014, the United States seized funds from the following accounts, controlled by Defendant William Sears or his mother, Sandra Sears:

- $8,462,621.24 from Moors and Cabot Trust Account # 4597-6546, held in the name of Sandra Lee Sears, Trust, which had previously received $9,360,000.00 in FusionPharm stock sales proceeds;

- $9,455.56 from Wells Fargo Account # 7784731577, which had previously received $9,630,202.83 in FusionPharm stock sales proceeds; and

- $27,066.23 from Meadpoint Wells Fargo Account # 9917, which had previously received $10,178,828.90 in FusionPharm stock sales proceeds.

16.    In addition, Defendant William Sears transferred $147,724.38 from Wells Fargo Account #1577, which had received $9,630,202.83 in FusionPharm stock sale proceeds, to pay off the mortgage on real property 13442 Jackson Drive, Thornton, Colorado, 80241.  On or about November 30, 2015, William Sears sold real property located at 13442 Jackson Drive.  Through a consent agreement, William Sears remitted $147,724.38 to the United States as directly traceable proceeds to the sale of FusionPharm stock sale proceeds.

17.    Further, through a consent agreement, William Sears remitted an additional $250,000.00 to the United States as a substitute asset for the fraudulently obtained FusionPharm stock sale proceeds.

18.    In total, the United States has recovered $8,896,867.41 of the FusionPharm stock proceeds obtained and retained by William Sears.

### Transfer of FusionPharm stock proceeds to Scott Dittman, Laura Dittman, and Scott Dittman controlled accounts

19.    From February 2013 through March 2014, $333,468.89 in FusionPharm stock sales proceeds was transferred from Wells Fargo Bank account #9917 to Wells Fargo Bank account #5181260307 ("account #0307").  Wells Fargo

Bank account #0307 was held in the name of FusionPharm, with Defendant Scott Dittman as a signer on the account. Defendant Dittman represented himself as a Manager of FusionPharm.

20. Between April 2011 to October 2011, $11,000 in FusionPharm stock sales proceeds was transferred from Wells Fargo Bank account #0560 to Laura Dittman. Laura Dittman is Defendant Scott Dittman's wife. On June 23, 2011, Defendant Dittman sent Defendant Sears an email asking Defendant Sears to "wire $3K from this weeks take to Laura's account?" Laura Dittman was a member of the board of directors of FusionPharm, but did not have any substantive role in the decision making with respect the manipulation of FusionPharm stock. Furthermore, Laura Dittman was never an employee or agent of Microcap Management, LLC. Accordingly, Laura Dittman never engaged in any substantive work on behalf of Microcap Management, LLC or Meadpoint.

21. On March 7, 2014, $20,000 in FusionPharm stock sales proceeds was transferred from Wells Fargo Bank account #9917 to Wells Fargo Bank account number #7964230663 ("account #0663"), through a check made payable to Defendant Scott M. Dittman, which was signed by Sandra Sears. The Wells Fargo Bank account #0663 is held in the name of Defendant Scott Dittman.

22. On March 5, 2014, Laura Dittman, Defendant Scott Dittman's wife, initiated the purchase of real property located at 194 Basket Road, Oley, Pennsylvania 19547 for $750,000.00.

23.     On March 14, 2014, $70,000 in FusionPharm stock sales proceeds were withdrawn in cash from Wells Fargo Bank account #9917. Sandra Sears signed the withdrawal ticket.  On the same day, the funds were deposited into the Wells Fargo Bank account #0663.  On March 14, 2014, a check for $75,000 was issued from Wells Fargo Bank account #0663 to the order of ReMax of Reading.  This check was a portion of the payment on the 194 Basket Road property.

24.     In a May 14, 2014, letter, Sandra Lee Sears directed her brokers at Moors & Cabot to transfer $688,000.00 from her trust account to VIST Bank "for a business transaction to be later named as an asset of the trust.  Should you have any queries regarding please contact myself or my son William to whom you already have written authority to speak to on my behalf."  The letter also included a hand-written note stating, "Broker spoke with client funds are being used for house purchase." The funds represented a pay-off of the outstanding amount due for the purchase of the Basket Road property.  On May 15, 2014, $688,000 was transferred to a bank account held by Paragon Abstract from Sandra Sears Moors and Cabot account # 6546, which had previously received $9,360,000 in FusionPharm stock sales proceeds.

25.     From April 2011 through December 2012, $426,022.28 in FusionPharm stock sale proceeds were deposited into Wells Fargo Bank account #9475650090 ("account #0090") from several different accounts. Wells Fargo Bank account #0090 is held in the name of FusionPharm Inc.  At the time of opening, William Sears and Sandra Sears were the signors.   On October 7, 2011, William Sears and Sandra Sears were removed as signors and Scott Dittman was added as the sole signor.

26.     Prior to October 7, 2011, Wells Fargo Bank account #0090 received $214,397.00 in FusionPharm stock sale proceeds.[1]

27.     After October 7, 2011, Wells Fargo Bank account #0090 received $211,625.28 in FusionPharm stock sale proceeds.

28.     In total, as outlined above, William Sears transferred $1,393,255.10 of FusionPharm stock sale proceeds to accounts and assets controlled by Defendant Scott Dittman.

### Funds Seized from accounts under Scott Dittman's control

29.     On May 16, 2014, the United States seized funds from the following accounts, controlled by Defendant Scott Dittman:

- $20,820.37 seized from Wells Fargo Bank account #0307. Account #0307 had previously received $333,468.89 in proceeds from the sale of FusionPharm stock;

- $212,273.92 was seized from Wells Fargo Bank account #8141061286. Account #1286 was opened on March 19, 2014, with the sole signer being Defendant Scott Dittman. Account #1286 was held in the name of FusionPharm, Inc. Account #1286 had previously received $297,918.69 in proceeds from the sale of FusionPharm stock.

---

[1] Because these proceeds were sourced from other accounts controlled by William Sears, they are accounted for Defendant William Sears in numbered paragraphs 8 through 13 based on their initial deposit and not subsequent transfer. However, all transfers of these funds once Defendant Scott Dittman is the sole signor of Wells Fargo Bank account #0090 constitute a transfer from Defendant William Sears' control and benefit to Defendant Scott Dittman's control and benefit.

30.     In total, the United States has recovered $233,094.29 of the FusionPharm stock proceeds obtained and retained by Defendant Scott Dittman, not including 194 Basket Road, Pennsylvania.

## Conclusion

31.     As stated above in numbered paragraph 14, Defendants William Sears and Scott Dittman obtained $12,204,172.00 in FusionPharm stock sales proceeds.

32.     Defendant William Sears then transferred $1,393,255.10 of these proceeds to accounts and assets controlled by Defendant Scott Dittman.   See numbered paragraphs 19 through 27.

33.     Accordingly, Defendant William Sears retained $10,810,916.90 in FusionPharm stock sale proceeds.

34.     As outlined in numbered paragraphs 15 through 18, the United States has recovered $8,896,867.41 of the proceeds obtained and retained by Defendant William Sears.

35.     However, despite due diligence, the United States has been unable to locate the remaining $1,914,049.49 in FusionPharm stock sale proceeds obtained and retained by Defendant William Sears as they were dissipated and transferred to third parties by Defendant William Sears.

36.     Likewise, to date, the United States has recovered $233,094.29 in proceeds obtained and retained by Defendant Scott Dittman.   See numbered paragraphs 29 and 30.

37.    However, despite due diligence, the United States has been unable to recover the remaining $1,160,160.81 in FusionPharm stock sale proceeds obtained and retained by Scott Defendant Dittman as they were dissipated and transferred to third parties by Scott Dittman except for the additional directly traceable asset described below.

38.    The United States has identified a non-liquid asset, Basket Road, which was purchased with stock sale proceeds and is valued at approximately $725,000.00.

39.    Besides the direct assets identified above, the United States has been unable to locate any additional funds traceable to the sale of stock proceeds despite due diligence because Defendants William Sears and Scott Dittman has dissipated, transferred, or placed these funds beyond the jurisdiction of the court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Jared Erwin, Special Agent
IRS – Criminal Investigation

STATE OF COLORADO          )
                           ) ss
COUNTY OF Denver           )

The foregoing was acknowledged before me this 12th day of February, 2019 by Special Agent Jared Erwin, Internal Revenue Service, CI.

CATHERINE OLGUIN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20014008786
MY COMMISSION EXPIRES MARCH 30, 2021

Notary Public - Colorado

My Commission Expires: 3/30/2021