UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 16-cr-00301-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  WILLIAM SEARS,

    Defendant

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S WITHDRAW MOTION**

---

The United States of America, by and through its counsel, Jeremy Sibert, hereby respectfully submits this response regarding defendant Sears' motion to withdraw his plea of guilty.

Procedural History of the Case

The government agrees paragraphs 1 through 4 of the defendant's procedure history of the case, but disagrees with paragraph 5.   In addition to paragraphs 1 through 4, the government would like to stress some important colloquy this Court addressed at the change of plea with defendant Sears.

At the change of plea this Court found defendant Sears to be competent to proceed with the hearing based on Sears' answers to the Court's questions.   *See* Doc. #84, page 6, lines 2-4. Defendant Sears carefully read the plea agreement with his lawyer, that his lawyer answered any his questions, and defendant Sears voluntarily signed the plea agreement. *Id*. at page 12, lines 18-

25, and page 13, lines 1-3.  Defendant Sears admitted that the facts in the plea agreement are accurate and that he knowingly and voluntarily entered into the security fraud conspiracy for Count 1. *Id*. at pages 14, lines 1-2, 21-23.   As for Count 2, defendant Sears admitted to willfully making a false statement on his tax return with the intent to violate a known legal duty. *Id*. at page 15, lines 9-17.   Defendant Sears understood that he would be incriminating himself, and giving up the right to a jury trial if the Court accepted the plea. *Id*. at 17, lines 1-5.   Defendant Sears, nor his family, was threatened by anyone in order to force him to plead guilty in this case, that he was satisfied with the representation of his counsel, and that he understood everything the Court had reviewed regarding to him pleading guilty. *Id*. at 23, lines 10-17.   Finally, defendant Sears plead guilty to Counts 1 and 2 and this Court found that defendant Sears was competent to enter into a plea of guilty, that he was represented throughout the course of the case by competent counsel with whom Sears had no objection or complaint, that Sears knowingly and voluntarily signed the plea agreement, and that Sears knowingly and voluntarily entered a guilty plea to Counts 1 and 2 of the Information without mistake or coercion. *Id*. at page 24, lines 18, 22, and page 25, lines 3-24.

## Argument

The defendant's primary argument in support of his request for plea withdrawal is that had he became aware of certain "exculpatory evidence." *See* Doc. 139 page 5.   The defendant offers little if any explanation as to how this information would have been favorable to him, stating merely that he asserts his innocence of the charges. *Id*. at 6.   The defendant claims that the FBI agent leading the investigation "lied about her credentials" as being a certified public accountant

and accuses the agent of committing a crime. In addition to alleging that the FBI agent's truthful declarations were exculpatory evidence, defendant Sears alleges that Mr. Harmon's prior relationship with Mr. Lehrer is also exculpatory in nature. The defendant fails to take a position on whether the information about the FBI agent and Mr. Harmon was truly exculpatory or merely impeachment based. There really is no question, however, as to what category this evidence falls into as it can only be classified, at most, as impeachment evidence.[1] More importantly to the argument here, however, the defendant fails to meaningfully address the Supreme Court's decision in *United States v. Ruiz*, 536 U.S. 622 (2002), and its impact on this case.

In *Ruiz*, the Court considered "whether the Fifth and Sixth Amendments require federal prosecutors, before entering into a binding plea agreement with a criminal defendant, to disclose 'impeachment information relating to any informants or other witnesses.'" *Id*. at 625 (quoting App. to Pet. For Cert. 46a). The Court concluded that "the Constitution ***does not*** require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *Id*. at 633 (emphasis supplied). In reaching this holding, without dissent, the Court plainly stated that "impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary*." *Id*. at 630 (emphasis in original). The Court went on to state that:

> It is particularly difficult to characterize impeachment information as critical information of which the defendant must always be aware prior to pleading guilty given the random way in which such information may, or may not, help a particular defendant. The degree of help that impeachment information can provide will

---

1 *See e.g. Ellsworth v. Warden*, 333 F.3d 1, 8 (1st Cir. 2003) (en banc) ("[t]he theory, simple enough, is that evidence about lies not directly relevant to the episode at hand could carry courts into an endless parade of distracting, time-consuming inquiries.").

depend upon the defendant's own independent knowledge of the prosecution's potential case – a matter that the Constitution does not require prosecutors to disclose.

*Id*. at 630.

In the end, "*Ruiz* teaches that *Brady* does not protect against the possible prejudice that may ensue from the loss of an opportunity to plea-bargain with complete knowledge of all relevant facts." *United States v. Mathur*, 624 F.3d 498, 507 (1st Cir. 2010); *United States v. Johnson*, 369 Fed.Appx. 905, 906, 2010 WL 925877 *2 (10th Cir. 2010) (unpublished opinion). Indeed, as the circuit court stated in *United States v. Moussaoui*, 591 F.3d 263 (4th Cir. 2010), "[w]hen a defendant pleads guilty, [*Brady*] concerns are almost completely eliminated because his guilt is admitted." *Id*. at 285; *see also United States v. Coates*, 483 Fed.Appx. 488, 499 n. 9, 2012 WL 1995018 *8 n. 9 (10th Cir. 2012) (unpublished opinion) (to the extent the defendant views impeachment evidence as favorable, his guilty plea casts significant doubt on the legal viability of a *Brady* claim); *Cf. United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009) (guilty plea waives the right to claim a *Brady* violation).

The defendant cannot sustain an argument that his guilty plea should be questioned because the government failed to produce evidence that it was not constitutionally obligated to disclose, even if such evidence were in the possession of the government at the time of the plea, which it was not. As stated in *Ruiz*, "the need for this information is more closely related to the *fairness* of a trial than to the *voluntariness* of the plea." *Id*. at 633 (emphasis in original). In addition, the allegations made by defendant Sears in his motion are not true.

First, the FBI agent has an active CPA certificate out of Kansas and correctly lists her

4

employment with FBI. *See*

http://oitsapps.ks.gov/boa/IndividualLicenseeInformation.aspx?ID=104618153&lastName=Funk

Once an accountant has passed the CPA exam, an accountant is required to pass the AICPAs Professional Ethics course.   If the candidate passes the ethics course and is issued a Kansas CPA certificate, a person may use the CPA as a credential only.   (In other words, CPA may appear after a person's name if they are working in an industry that is not related to the practice of public accountancy.) *See* www.ksboa.org/statutes/1_321.pdf., *also see* Colorado Department of Regulatory Agencies, Rules and Regulations of the State Board of Accountancy, 3 CCR 705-1, specifically page 29. Agent Funk is a federal agent for the FBI and her duties include investigating violations of federal law, which is not the practice of public accounting.   The defendant's arguments are without merit and simply wrong regarding Agent's Funk's use of "CPA" after her name.   Defendant Sears' allegations against Agent Funk are false and this Court should impose sanctions it deems appropriate on defendant Sears for making such false allegations.

Second, defendant's argument regarding Mr. Harmon's and Mr. Lehrer's prior relationship regarding their past employment is merely an unsupportive allegation by the defendant.   Both Mr. Harmon and Mr. Lehrer are active lawyers that retain ethical duties to represent their clients with professional conduct.   Defendant Sears fails to show how this evidence is favorable and put this whole case against him in a different light as to undermine his guilty plea.   *See Kyles v. Whitley*, 514 U.S. 419, 435 (1995).   The government further argues that this evidence is not even material under *Brady* since the results would be the same.   *See*

*Cone v. Bell*, 556 U.S. 449, 469-70 (2009).   Finally, Sears hired and knew the actions of Mr. Lehrer, hence, there is not a *Brady* violation because the defense already possessed the evidence. *See United States v. Erickson*, 561 F.3d 1150, 1165 (10th Cir. 2009).   More importantly, Mr. Harmon is no longer employed by the United States Attorney's Office and has no control over this case.   Hence, defendant Sears' argument regarding any relationship between Mr. Harmon and Mr. Lehrer is moot and irrelevant.

Defendant's argument regarding the search warrants fails since it is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses.2   S*ee United States v. Hawthorne*, 316 F.3d 1140, 1145 (10th Cir. 2003).   The Supreme Court clearly stated "a guilty plea represents a break in the chain of events which has preceded it in the criminal process.   When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.   He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice that he received was not [competent]." *Tollett v. Henderson* 411 U.S. 258, 267 (1973). Thus, if this Court finds that Sears' plea was voluntary and intelligent, Sears waived his right to appeal the search warrants in this case.

The government maintains that this Court can deny the defendant relief strictly on the Supreme Court's decision in *Ruiz*.   Nevertheless, out of an abundance of caution, the

---

2 On a side note, defendant Sears takes offense that the warrant asserted Fusion Pharm to be a "Ponzi scheme." That language was from the whistle blower that contacted the investigating agencies, and was not the language "created" by law enforcement.

government will address those factors to be considered under a plea withdrawal request pursuant to rule 11(d)(2)(B).

The standard for permitting withdrawal of the plea before sentencing is a "fair and just reason." *See* Rule 11(d)(B), Fed. R. Crim. P., *United States v. Hyde*, 520 U.S. 670 (1997), and *United States v. West*, 392 F.3d 450 (D.C. Cir. 2004).   This standard does not create an automatic right to withdraw a plea. *United States v. Green*, 521 F.3d 929 (8th Cir. 2008).   To permit the defendant to withdraw his guilty plea simply on a lark "debases the judicial proceeding at which a defendant pleads and the court accepts his plea." *United States v. Hyde*, at 1634.   A plea of guilty is itself a conviction, and like a verdict of a jury it is conclusive.   It is an 'admission that he committed the crime charged against him.'"   *United States v. Broce*, 488 U.S. 563, 570 (1989) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). The burden of a defendant who attempts to withdraw his guilty plea after a conviction is the same "heavy burden" that a defendant has who challenges his conviction after a jury verdict. *United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir. 1997).   "Ordinarily, a defendant is stuck with the representations that he himself makes in open court at the time of the plea." *United States v. Padilla-Galarza*, 351 F.3d 594, 598 (1st Cir. 2003).   A plea is considered valid if it represents a voluntary and intelligent choice among the alternatives open to the defendant.   *United States v. Gigley*, 213 F.3d 50, 516 (10th Cir. 2000).   Any attempt to "reopen the proceedings after a guilty plea is usually confined to whether the plea was 'counseled and voluntary.'"   *United States v. De Vaughan*, 694 F.3d 1141, 1152 (10th Cir. 2012) (quoting

*Broce*, 488 U.S. at 569).

In deciding whether a defendant has met the burden, the Tenth Circuit examines a number of non-exclusive factors often referred to as the "Gordon factors":

(1) Whether the defendant asserted his innocence,

(2) Whether the plea was knowing and voluntary,

(3) Whether defendant was assisted by counsel,

(4) Whether the defendant delayed filing his motion and, if so, why,

(5) Whether withdrawal would prejudice the government,

(6) Whether withdrawal would substantially inconvenience the court, and

(7) Whether withdrawal would waste judicial resources.

*See United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993). In addition, the Tenth Circuit in resent cases has included an eighth factor as whether the government would be likely to convict the defendant at trial. *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1258 (10th Cir. 2014). If the defendant fails to carry his burden on asserted innocence, validity of the plea, and ineffective assistance of counsel, this Court does not need to address the remaining factors. *United* States *v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009). Whether to permit a withdrawal by the defendant is "always and ultimately lies within the sound discretion of the district court to determine on a case by case basis when the standard is and isn't met." *United States v. Soto*, 660 F.3d 1264, 1267 (10th Cir. 2011).

1. <u>Assertion of Innocence</u>

Regarding the first factor, "[a] defendant's subjective belief in his own innocence does not mandate allowing him to withdraw his plea of guilty." *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007).   The defendant is required to "make a factual argument that supports a legally cognizable defense." *Id*.   The possibility that the defendant merely said what the government and the court needed to hear rather than the truth during the plea colloquy does not overcome his admission of guilt. *United States v. Coates,* 483 F.Appx 744, 493 (10th Cir. 2000).

The defendant's request for a plea withdrawal is in no way premised on an assertion of innocence—factual or legal—but rather on a claim that the government failed to turn over evidence that it was not constitutionally obligated to reveal. Indeed, the defendant must make some attempt at a factual argument that supports a legally cognizable defense, *Hamilton*, supra, and not merely a bald assertion that he is legally innocent.   The defendant's conclusory claim falls remarkably short of satisfying the burden of asserting either his factual or legal innocence. *United States v. Hasson*, 287 Fed.Appx. 712, 717, 2008 WL 2894087 *5 (10th Cir. 2008) (unpublished opinion); *see also United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) (in assessing a defendant's claim of legal innocence a court must first examine whether the defendant has asserted his factual innocence); *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir. 1998) (an assertion of legal innocence must be buttressed by facts in the record which support a claimed defense); *United States v. Fiorello*, No. 08-0600 (FLW), 2010 WL 2516472 *3 (D.N.J. June 14, 2010) (unpublished opinion) ("The absence of any assertion of factual innocence by Defendant is fatal to his motion to withdraw.").   Consequently, this Court must find that the defendant fails to satisfy this first factor.

2. <u>Assistance of Counsel</u>

Regarding the second factor, assistance of counsel, a defendant challenging a guilty plea based on ineffective assistance of counsel must show that the counsel's performance was deficient and that the this deficiency prejudiced [his] defense. *See United States v. Hamilton,* 510 F.3d at 1216.   First, defendant Sears argues that the second factor is whether the withdrawal would be prejudice the government.   *See* Doc. #139, page 8.   This is not the second factor based on Tenth Circuit case law and is just wrong.   The burden to establish that counsel's performance was constitutionally deficient requires Sears to overcome the strong presumption that his prior counsel's conduct falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).   Sears must show that but for his prior lawyers actions he would not have plead guilty and would have insisted on going to trial.   *See United States v. Hamilton*, 510 F.3d at 1216.   Nowhere in defendant's motion does Sears clearly allege ineffective assistance of counsel, let alone overcome the strong presumption that his prior counsel's conduct falls within the range of providing reasonable professional assistance. Therefore this Court must find that the defendant fails to satisfy the second factor.

2. <u>Knowing and Voluntary Plea</u>

The defendant asserts that the third factor is whether the defendant delayed in filing his motion, and if so, the reason for delay. *See* Doc. #139, page 8.   This is not the third factor based on Tenth Circuit case law and is just wrong.   The third factor is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant Sears. *See United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996).

The defendant's entire argument on this point is that the government violated its obligations under *Brady* and thus his plea was involuntary. However, as set out above, the United States cannot run afoul of *Brady* when the Constitution does not require the disclosure of impeachment evidence prior to entering a plea agreement with a criminal defendant. *Ruiz*, 536 U.S. at 633.

Additionally, the plea transcript fully supports that the defendant's decision to enter a guilty plea was knowingly, voluntarily, and intelligently made. The defendant unquestionably understood the consequences of entering his guilty plea and there were certainly no threats or promises made to induce him into pleading guilty. *Brady v. United States*, 397 U.S. 742, 755 (1970). This Court advised and questioned Sears about his understanding of and intention to accept the plea agreement's terms and consequences of pleading guilty. If Sears felt that he was being coerced into pleading guilty, he should have raised it with this Court during the Court's colloquy. *See United States v. Jones*, 168 F.3d 1217, 1120 (10th Cir. 1999). The fact that Sears is not satisfied with his plea agreement is not a Rule 11 factor that the Court needs to consider in accepting a guilty plea. *Id*. Here again, the defendant fails to satisfy the third factor.

<u>Remaining Factors</u>

Because the defendant has failed in his burden of establishing a fair and just reason for requesting a withdrawal of his guilty plea the Court need not address the remaining factors which speak only to the potential impact upon the government and the court. *Hamilton*, 510 F.3d at 1217; *United States v. Hickok*, 907 F.2d 983, 986 (10th Cir. 1990). However, again, out of an abundance of caution, the government will briefly address those factors which burden the government and the court.

4. <u>Delay in Filing</u>

The defendant filed his motion over 27 months after he entered his guilty plea. The delay in filing in this case is significant and weighs heavily against the defendant's position. *United States v. Graham*, 466 F.3d 1234, 1238 (10th Cir. 2006) (two month delay characterized as lengthy). Nothing in defendant Sears' motion is new and his claims should have been submitted immediately after the entry of his plea.

5, 6, and 7. <u>Inconvenience to the Court and Waste of Judicial Resources / Prejudice to the Government</u>

Understandably a plea withdrawal results in some inconvenience to the court and wastes judicial resources. *Hamilton*, 510 F.3d 1217 n. 4. That reality is exacerbated in this case as the trial will assuredly be set many months from now and over two years since the defendant entered his guilty plea and near eight years since the security fraud conspiracy began. This Court has "expended significant resources" scheduling several hearings in this case, along with its related case, *United States v. Guy Jean-Pierre*, 17-cr-00008-WJM, to include a lengthy trial. *Graham*, 466 F.3d at 1238. An expected delay of over two years from the time the defendant entered his guilty plea significantly burdens this Court and prejudices the government's ability to effectively prosecute this matter. The government relied on the defendant's solemn declaration that he was guilty of the offense for which he was charged. Investigators have moved on to other pressing matters and witnesses are finally relieved from being subpoenaed to appear before this Court. And while these factors may not be deemed substantial there is certainly prejudice to the government's case when the defendant's attempt to withdraw his guilty plea could result in a trial

after a significant period of time has passed since the original offenses occurred.  *See e.g. United States v. Tulu*, 535 F.Supp.2d 492, 505 (D.N.J. 2008); *Holloway v. United States*, No. RDB-11-0804, 2012 WL 4718060 *3 (D.Md. 2012) (prejudice to government stems from the elapse of over three years since commission of the crime, and over two and one half years since petitioner's admission of guilt); *United States v. Dyess*, 293 F.Supp.2d 675, 689 (S.D.W.Va. 2003) (prejudice extreme where government would be required to mount a criminal trial five years after the indictment was handed down).   In short, these factors weigh heavily against the defendant.

8. Likelihood of Conviction

This Court is well aware of the evidence arrayed against the defendant having presided over one trial related to this case.   As this Court is aware, the discovery in this case was very large, consisting of many emails and documents produced by the defendant, which will show his involvement in the security's fraud.   In addition, the defendant assisted in an over cover operation against Mr. Jean-Pierre, where he described his criminal role regarding Fusion-Pharm.   In addition, there would be multiple witnesses that would testify about how Sears concealed his role as an undisclosed owner of Fusion-Pharm and several other related/relevant companies.   Finally, the government would offer undercover video of Sears and co-defendant Dittman that clearly portrays Sears as an owner of Fusion-Pharm and other related/relevant entities.   Simply put, the defendant's guilt with respect to the counts to which he entered a guilty plea is not in question, and the defendant presents nothing to suggest that he is in fact innocent of the charge.

## CONCLUSION


The defendant has fallen short of establishing a fair and just reason for the withdrawal of his guilty plea. Consequently, the defendant's motion must be denied. However, it should be noted that if this Court grants the defendant's motion for withdraw from his plea agreement, the funds/restitution that is owed to the IRS will not be paid from the funds that were set out in the plea agreement, which is approximately 2 million dollars. *See* Doc #84, page 7, lines 20-25.

Dated this 19th day of April 2019.

                Respectfully submitted,

                JASON R. DUNN
                United States Attorney

By:    s/Jeremy Sibert
        JEREMY SIBERT
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado   80202
        Telephone: (303) 454-0100
        FAX: (303) 454-0403
        E-mail: Jeremy.Sibert@usdoj.gov
        Attorney for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April 2019, I electronically filed the foregoing **Government's Response to Defendant's Motion to Withdraw from Plea Agreement** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Andres Guevara**
**Peter Bornstein**

                                            s/Jeremy Sibert
                                            JEREMY SIBERT
                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            1801 California Street, Suite 1600
                                            Denver, Colorado   80202
                                            Telephone: (303) 454-0100
                                            FAX: (303) 454-0403
                                            E-mail: Jeremy.Sibert@usdoj.gov