IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00301-WJM

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1.  WILLIAM J. SEARS,**

    Defendant.

---

### REPLY RE: MOTION TO WITHDRAW PLEA OF GUILTY

---

Defendant, William J. Sears, by his counsel of record, Peter R. Bornstein, hereby submits his reply memorandum in support of his Motion to Withdraw Plea of Guilty.

The government first argues that the Supreme Court has held that impeachment evidence relating to witnesses need not be disclosed before entry of a plea of guilty. *United States v. Ruiz,* 536 U.S 622 (2002). It then argues that the case agent's misrepresentation of her credentials, her use of the CPA designation in the multiple warrants, and the fallout from the prior Assistant U.S. Attorney hiding his relationship with FusionPharm's former lawyer are merely impeachment and thus not grounds to withdraw a plea. Post *Ruiz* cases, including one from the Tenth Circuit, have held that the Supreme Court would distinguish Brady violations from impeachment, finding that Brady violations have due process implications which cast doubt on whether a plea is truly knowing, intelligent, and voluntary. *United States v. Ohiri,* 133 Fed. Appx. 555, 562 (10th Cir. 2005) citing *United States v. Persico* 164 F.3d 796, 814-15 (2nd Cir. 1999);

*United States v. Nelson,* 979 F.Supp.2d 123, 135-36 (D.D.C. 2113).  Government misconduct or government misrepresentations are part and parcel of Brady violations. *United States v. Fisher*, 711 F.3d 460, 467-68 (4$^{th}$Cir. 2013)(impermissible conduct was "an officer's deliberate lie that led to the warrant that led to the discovery of the evidence against him").

The government misconduct here goes to the heart of fundamental fairness and is exculpatory, not mere impeachment.  Mr. Sears asserts that this evidence is exculpatory.  For example, counsel has attempted to find in the discovery statements made to either the FBI or to the Assistant United States Attorney in charge of the case by Fred Lehrer, FusionPharm, Inc.'s counsel after Mr. Jean-Pierre.  Lehrer rendered more opinion letters than either Guy Jean-Pierre or another corporate lawyer.  Neither an FBI 302 form nor an interview form from the U.S. Attorney's Office can be located in the discovery.

Before the plea was entered, Mr. Sears tried to explain to AUSA Harmon that Attorney Lehrer advised that disclosure of Sears' background and relationships was not required.  He further advised Sears could lawfully sell his shares.  He also told Harmon that Leher's testimony before the SEC was not truthful.[1]  Harmon advised Sears to leave it alone.  After the plea was entered, Mr. Sears learned Harmon and Lehrer worked together in Miami on a large case.  Harmon in his capacity with the Department of Justice was Lehrer's supervisor.  It is contended that the reason for non-disclosure was to protect Mr. Lehrer from suffering the same prosecutorial fate as that of earlier

---

[1] Former counsel for Mr. Dittman, Philip Dubois, sent a 51 page package of materials on April 27, 2017 to Mr. Harmon and three other Assistant U.S. Attorneys detailing Lehrer's knowledge, role, and perfidy. This should have caused the release of exculpatory information about Mr. Lehrer.  Instead, the government brushed this off.

counsel for the company, Mr. Jean-Pierre and a third counsel, Mr. DiTomasso.  In other words, this was government corruption and a willful failure to disclose.

Likewise, the government argues that Special Agent Funk of the FBI had a right to use the CPA designation when submitting affidavits to the federal court for the multiple search warrants sought and issued by the government.  The government is wrong in its assertion.  Counsel has consulted with Mr. Steven Anderson, a lawyer and CPA in Colorado, who is prepared to testify that Ms. Funk violated the accountancy laws in Colorado and Kansas when she claimed a CPA designation.  Counsel has the records from Kansas which clearly show that Ms. Funk never completed the Kansas requirements for use of the CPA designation.  See Exhibit A, attached.  Ms. Funk was not merely using that designation in "industry".  She was publicly holding herself out to the Court as having a CPA license and credentials which she has never had.[2]  This is not merely impeachment, but is exculpatory evidence that could have and should have been used to attack the search warrant issued in this case.  Furthermore, as stated in the motion to withdraw the plea, other factual misstatements in the search warrant affidavits should cause concern for their validity and, therefore, the validity of most of the evidence which the government seeks to use against Mr. Sears.

A second important argument made by the government in its response is a claim that Mr. Sears does not claim factual or legal innocence.  This assertion is untrue.  Mr. Sears seeks to withdraw his plea because he believes in his innocence and has facts to back up that belief.

---

[2] It now appears that after learning of the current motion to withdraw plea, Agent Funk has contacted the Kansas Board of Accountancy in an attempt to update her record there.  Her records used to be under her former name, Kate Egan and her former employment with Sprint.

A review of the factual paragraphs in the plea agreement demonstrates the primary contentions underlying this prosecution. The government contends that Mr. Sears was a *de facto* officer of FusionPharm, that Sears' companies Vertifresh, Microcap, Bayside, and Meadpoint were affiliated entities, that Sears's felony conviction should have been disclosed by FusionPharm, that Scott Dittman was his co-conspirator, and that there was an agreement to violate the law. These contentions are the *sine qua non* of the prosecution; and Mr. Sears contends the government has got its facts wrong.

The first contention is whether Fusion Pharm was required to disclose Mr. Sears to the investing public and whether that non-disclosure was a violation of securities laws. Mr. Sears held a good faith belief that disclosure was not required based, in part, on advice given to him by Mr. Lehrer as well as by Mr. Jean-Pierre. Second, the contention by the government in the plea agreement that Mr. Sears was a "de facto" officer and director of FusionPharm or that Sears, Meadpoint Venture Partners, Micro Cap, and Vertifresh, LLC were, in fact, affiliates of FusionPharm. Mr. Sears disputes this factually in his contention of factual and legal innocence. He disputes that FusionPharm intentionally or knowingly misstated its revenues when it uploaded financial reports to the OTC website; and that its revenues can be substantiated. He disputes making false disclosures or having false press releases. And he contends that much of the government case consists of taking lawful conduct and spinning it to appear as unlawful conduct. The use of stock sales to capitalize Meadpoint or FusionPharm is a prime example.

Footnote 9 on pages 17 and 18 of the plea agreement is significant. In that footnote, Mr. Sears has indicated that the government is wrong in claiming that he was

4

an affiliate of FusionPharm even though his name appeared on various documents as having a formal position in the company.  Likewise, the plea agreement is replete with footnotes demonstrating the contentions that now form the basis of Mr. Sears' claim of innocence, both factually and legally.  Unlike the cases cited by the government in which defendants who sought to withdraw their plea had their motion denied and the court's exercise of discretion affirmed on appeal, this case has facts that are significantly distinct and differentiated from all of the cases cited by the government in its response.  For example, in *United States v. Hamilton*, 510 F.3d 1209 (10th Cir. 2007), the court said that the defendant must present a credible claim of innocence based on facts and not just a subjective belief in his own innocence.

In this case, Mr. Sears is making a credible claim of innocence based on factual contentions concerning whether or not his relationship with Mr. Dittman represented a fraud on the investing public, or whether he truly entered into a conspiracy to violate the law.  Mr. Sears has presented fair and just reasons why this Court should exercise its discretion, while at the same time, viewing the motion to withdraw with favor, and grant the motion to withdraw the plea.

Respectfully submitted this 9th day of May, 2019.

**THE LAW OFFICES OF PETER R. BORNSTEIN**

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
E-mail: pbornstein@prblegal.com
*Attorney for Defendant William J. Sears*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May, 2019, I electronically filed the foregoing **REPLY RE: MOTION TO WITHDRAW PLEA OF GUILTY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ *Jeannette Wolf*
THE LAW OFFICES OF PETER R. BORNSTEIN