**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  16-cr-00301-WJM-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    SCOTT M. DITTMAN,

    Defendant.

_____

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CONTINUE THE SENTENCING**
_____

    The United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Jeremy Sibert, hereby responds to Defendant's Motion to Continue the Sentencing Hearing, document 154, as follows:

    1.  The Court is aware of the sentencing hearing dates scheduled in this case and the related case to allow for co-defendant William Sears and Guy Jean-Pierre (17-cr-00008-WJM) to be sentenced close together in order to allow for any victims to attend the hearings.  This Honorable Court granted the government's request for a July 11, 2019 sentencing date for Sears and Dittman for good cause shown.  *See* Doc. 127 and 128.  Based on this Court's order, the sentencing dates were set for July 10th for Guy Jean-Pierre and July 11th for Scott Dittman and William Sears.

    2.  In ruling upon a defendant's motion for a continuance that will permit

1

representation by a defendant's counsel, the Court must balance the defendant's "constitutional right to retain counsel of . . . choice against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process and the orderly administration of justice." *United States v. Mendoza-Salgado,* 964 F.2d 993, 1015 (10th Cir. 1992) (quotation omitted).

3.  In making this determination, the Court considers whether "1) the continuance would inconvenience witnesses, the court, counsel, or the parties; 2) other continuances have been granted; 3) legitimate reasons warrant a delay; 4) the defendant's actions contributed to the delay; 5) other competent counsel is prepared to try the case; 6) rejecting the request would materially prejudice or substantially harm the defendant's case; 7) the case is complex; and 8) any other case-specific factors necessitate or weigh against further delay." *United States v. Flanders,* 491 F.3d 1197, 1216 (10th Cir. 2007) (quoting *Mendoza-Salgado,* 964 F.2d at 1015).

4.  Defendant's counsel is requesting more time to review additional discovery that essentially relates to defendant Jean-Pierre's case. Specifically undercover recording between defendant Sears and Jean-Pierre, evidence regarding Jean-Pierre's actions, and discovery pertaining to the proffers made by Sears regarding the investigation into Jean-Pierre are the discovery materials that defendant Dittman is seeking in order to better prepare for his sentencing. However, none of the discovery that is listed in defendant's motion for additional time will assist defendant Dittman at his sentencing. Under *Brady v. Maryland*, 373 U.S. 83 (1963), the government has the obligation to produce evidence favorable to the accused at sentencing. *See* United States v.

Guerrero, 894 F.2d 261 (7th Cir. 1990)   Further, defendant's request must be timely and must show some type of need for access to the discovery.  *See United States v. Valencia-Lucena*, 988 F.2d 228 (1st Cir. 1993) and *United States v. Williams*, 624 F.3d 889 (8th Cir. 2010).  Here the defendant is making request for additional time to review discovery but does not explain how this discovery regarding a co-defendant and Jean-Pierre's case will assist him at sentencing.  Everything listed by defendant Dittman has nothing to do with his case, thus, the materials won't be useful in assisting him at his sentencing.

   5.  Courts have generally found no error in denying a defendant's request to continue a sentencing hearing, including when a defendant fails to show that granting more time would likely change the resulting sentence.   *See United States v. Lopez-Lopez*, 295 F.3d 165 (1st Cir. 2002)(upholding failure to continue sentencing hearing despite late receipt of PSR); and *United States v. Garcia*, 78 F.3d 1457 (10th Cir. 1996)(upholding denial of continuance to allow defendant to subpoena witnesses).

   6.  This is a 2016 case, where the defendant has stated to this court his guilt.  The plea agreement in this case, allows for a sentencing range of 3 to 5 years.   As this Court might remember, defendant Dittman refused to testify in Jean-Pierre's trial who he conspired with in committing security fraud.   The defendant has once again placed the Court in the untenable position of protecting "the public's confidence in the integrity of the judicial process and the orderly administration of justice," *Mendoza-Saldado,* 964, F.2d at 1015.  The right to a speedy trial is not exclusive to the defendant.  The public also has a right to a speedy disposition of the case.  18 U.S.C. § 3161(h)(8)(A).  Denial

of the continuance will not result in a miscarriage of justice.  18 U.S.C. § 316(h)(8)(B)(i).  There is no legitimate purpose for a continuance and the interests of justice are not served by additional delay.  The defendant's strategic maneuvering should not trump the public's interest in a speedy resolution of this case.

For these reasons, the government opposes the defendant's request for a continuance.  If this Honorable Court disagrees, the government is requesting that the other sentencing dates be continued for reasons stated in Document 127.

DATED this 18th day of June, 2019.

    Respectfully submitted,

    JASON R. DUNN
    United States Attorney

    By: *s/Jeremy Sibert*
    Jeremy Sibert
    Assistant United States Attorney
    1801 California Street, Suite 1600
    Denver, CO 80202
    Telephone 303-454-0100
    Facsimile 303-454-0402
    Jeremy.Sibert@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 18th day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record in this case.

    *s/ Jeremy Sibert*
    Jeremy Sibert
    Assistant United States Attorney

1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Jeremy.Sibert@usdoj.gov

5