IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00301-WJM

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1.  WILLIAM J. SEARS,**

    Defendant.

---

### MOTION FOR RECONSIDERATION
---

    Defendant, William J. Sears, by his counsel of record, Peter R. Bornstein, moves this Court for an order reconsidering the Court's Order denying Sears's motion to withdraw his guilty plea.  Mr. Sears attaches to this motion three exhibits as well as his affidavit with three more exhibits attached.  As grounds in support of his motion for reconsideration, Mr. Sears states to the Court as follows:

    1.    On May 4, 2019, Mr. Sears filed a Motion to Withdraw his Plea of Guilty (ECF No. 139).  A response was filed by the government and a reply was filed by Mr. Sears.

    2.    On May 22, 2019, this Court entered an Order Denying Motion to Withdraw Guilty Plea (ECF No. 150).

    3.    The Federal Rules of Criminal Procedure do not formally recognize a means for obtaining reconsideration of a prior ruling, but the courts possess inherent

power to revisit their own rulings as circumstances require. *United States v. Coughlin*, 821 F. Supp. 2d 8, 17, (D. D.C. July 6, 2011). *United States v. Hawkins*, 2012 U.S. Dist. LEXIS 48851, *14-15 (D. Colo. 2012).

4. The Tenth Circuit Court of Appeals has held that a motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law, or to prevent manifest injustice. *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015).

5. The Court is imposing too high a bar of stringent requirements on the defendant in ruling on his motion to withdraw plea. As Judge Hartz said in his dissent in *United States v. Marceleno*, 819 F.3d 1267, 1276 (10th Cir. 2016): "In my view, the district court was required to grant defendant's motion to withdraw his plea. To begin with, the motion preceded sentencing; and under our precedent, motions to withdraw guilty pleas before sentencing are to be freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude. *United States v. Carr*, 80 F.3d 413, 419 (10th Cir. 1996)." Instead of liberality and latitude, this Court's denial of the motion to withdraw plea was based on imposing a burden on the defendant to not just raise arguments in favor of innocence, but to convince the Court of his innocence.

6. In this case, the Court has misapprehended Mr. Sears' position and the facts that support his position.

7. The Court weighed heavily the factor of the knowing and voluntary nature of the plea. The Court quoted some significant sections from the plea colloquy. Of the multi-pages of alleged activities recited in the plea agreement, the only one that Mr.

Sears acknowledged, in the colloquy, was his involvement in the creation of a convertible promissory note that was backdated.

8.     Sears's change of plea hearing took place on November 14, 2016. Several months thereafter, Sears wrote to his then attorneys, Frederic Winocur and Marci Gilligan LaBranche, an email saying that he wanted to correct the record. What he wanted to say was:

> I failed to properly disclose my affiliation status due to incorrect advice from council [sic] which enabled me to have access to free trading securities. I then liquidated those free trading securities into the public markets for a profit and failed to report that profit on my personal income tax, sir.

Attached to this motion as <u>Exhibit A</u> is a copy of the email sent by the defendant to his previous counsel concerning this aspect of the plea colloquy.

9.     When asked further by the Court about the objective of the conspiracy, Mr. Sears said that it was to obtain free trading securities and be able to sell them into the market. Once again, this is only a very small part of the scheme as alleged by the government in this case. Sears never agreed he was guilty of the entire crime as presented by the government in the plea agreement.

10.    When Mr. Sears says that he is innocent of these charges, he is making two arguments. First, he is arguing that he did not have the *mens rea* to agree to violate the law and to engage in an overt act furthering the objective of the conspiracy. This is because he has claimed throughout, as noted by the footnotes in the plea agreement, that he was acting with advice of counsel and because of that advice he lacked the *mens rea* to violate the conspiracy statute. The Court misapprehended this argument.

11. The second argument for his innocence is that the backdating of the convertible notes was not an illegal act under the securities laws, nor was it evidence of a fraud, be it mail fraud or wire fraud. Sears' affidavit, ¶ 7, and exhibit 2 attached thereto.

12. The colloquy with Mr. Sears during the change of plea hearing reveals that he admitted only to a very narrow slice of the facts the government alleged against him. As stated in the original motion to withdraw he denies that he was the officer or a *de facto* officer of Fusion Pharm, Inc., and that the companies through which he acted were affiliates of Fusion Pharm. Sears, here, contends that the government's facts to establish these key elements of their prosecution alleged in the plea agreement are less than convincing. Hence, he contends he is innocent.

13. Defendant's assertion of innocence is more than simply a subjective statement on his part. He has articulated his arguments and reasons. The Court's rejection of his statement of innocence is an equivalent of making the defendant prove his innocence or render the plea involuntary. The Court, here, misapprehended the facts presented by Sears. Sears' affidavit, ¶ 12.

14. The Court further fails to understand the significance of the Kate Funk argument. The basis of this argument is that Agent Funk perpetrated a fraud upon the Court when she submitted her false credentials to the magistrate on the search warrants, and further compounded this fraud on the Court by relying on the word of a confidential informant whose information was both bad and false.

15. Attached to this motion as Exhibit B is the Affidavit of Steven R. Anderson, CPA, JD. Anderson has represented accountants before multiple government

agencies. He states Kate Funk does not have a permit to practice as a CPA in Kansas, and she "is not a CPA in Colorado and may not hold herself out to be a CPA in Colorado." She wanted the federal court to rely on her statements in her affidavit as if they were provided by a CPA and so that it would accept her opinions on the appropriateness of revenue recognition and other opinions based on GAAP and GAAS standards. Exhibit B, ¶ 16. Anderson says Funk was not qualified to render the opinions she submitted in her affidavit to the court.

16. In his affidavit, he makes it clear that Agent Funk is practicing accountancy in the state of Colorado and not in the state of Kansas, and that she has no right to do so. She is in violation of Colorado law which makes it a misdemeanor to use the CPA designation as she did. In fact, using that CPA designation multiple times would elevate her misconduct to that of felonious conduct. Exhibit B, ¶ 17.

17. The issue is the integrity of the prosecution itself. When the prosecution is based on a fraud on the court, it reflects poorly on our entire system of justice and criminal jurisprudence. The requirement that government seek justice and not just convictions is applicable to what happened in this case during the investigation and the decision to prosecute by the Assistant United States Attorney in charge of the case at the time. There is in this case a need to prevent manifest injustice.

18. Attached to this motion as Exhibit C is a summary of the share transactions which were approved by Mr. Lehrer as counsel for Fusion Pharm. This chart shows that over 5,000,000 shares were traded based on his opinions that to do so was legal and proper. His role and that of his colleague, Mr. Harmon, is more than

mere impeachment evidence of a witness who the government has made efforts to minimize, if not hide.

19. In his attached affidavit, Exhibit D, Mr. Sears states facts that demonstrate that the steps taken by the prosecution to hamper or frustrate Mr. Sears' attempt to obtain advice from Brenda Hamilton, a securities lawyer and former wife of Fred Lehrer. After the plea, she advised him that a key prosecution piece of evidence, the backdating of the convertible notes, was not necessarily a violation of the securities laws. Sears' affidavit, ¶ 7.

20. His affidavit also explains why the prosecution effort to shelter Fred Lehrer was hiding exculpatory evidence and not mere impeachment evidence. He explains why Lehrer's testimony, even hostile testimony, would be helpful if he is allowed to withdraw his guilty plea. Sears' affidavit, ¶¶ 10 and 11.

21. If there was a trial in this case, Mr. Sears could subpoena Mr. Lehrer to testify as a hostile witness demanding that he admit that he counseled Fusion Pharm and Mr. Sears that the sale of stock through the convertible promissory notes was not illegal or in violation of securities laws. This issue with Mr. Harmon and Mr. Lehrer is more than simply hiding impeachment evidence. Once again, it goes to the integrity of this prosecution and the system of justice it symbolizes.

22. Undersigned counsel certifies that he has conferred with Assistant United States Attorney Jeremy Sibert regarding this motion who has stated that he opposes the relief requested in this motion.

23. For these reasons, and in addition to those originally presented to the Court in the motion to withdraw plea, Mr. Sears requests that this Court reconsider its denial of his motion and grant the motion to withdraw the plea.

Respectfully submitted this 1st day of August, 2019.

**THE LAW OFFICES OF PETER R. BORNSTEIN**

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
E-mail: pbornstein@prblegal.com
*Attorney for Defendant William J. Sears*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2019, I electronically filed the foregoing **MOTION FOR RECONSIDERATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
**THE LAW OFFICES OF PETER R. BORNSTEIN**