IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00301-WJM

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. WILLIAM J. SEARS,**

Defendant.

## AFFIDAVIT OF STEVEN R. ANDERSON, CPA, JD

Steven R. Anderson, being of lawful age and upon his oath, deposes and states:

1. I am an attorney licensed to practice law in the State of Colorado since 1987, and co-founder and managing partner of Anderson & Jahde, PC, 5800 South Nevada Street, Littleton, Colorado 80120.

2. I also hold an inactive certified public accountant license in Colorado, having received my certification and license to practice public accounting in the State of Colorado in 1984.

3. My practice focuses on Federal & State, civil and criminal tax controversies and trials; and, on representing accountants, tax return preparers and CPAs in all professional facets, to include CPA malpractice defense, representing CPAs before the Colorado State Board of Accountancy (and other state licensing boards), representing CPAs before the American Institute of Certified Public Accountants, and representing accountants before the IRS' Office of Professional Responsibility. I have represented and



EXHIBIT B

consulted between 150 and 200 CPAs in cases before the Colorado State Board of Accountancy.

4. I do not have an exact number on how many, but a portion of the Board of Accountancy cases I have worked on involved CPAs who had relocated from other states to Colorado and were defending complaints before Colorado's Board of Accountancy (the "Board") because they did not understand Colorado's rules pertaining to holding out as a CPA in Colorado. I frequently work with Colorado's statutes governing CPAs and with the Rules of the Board. I have reviewed the CPA rules and statutes in Kansas.

5. I was asked to review the propriety of Special Agent Kate Funk's use of a CPA designation on search warrant applications related to cases involving William Sears, Scott Dittman, and Fusion Pharm, LLC, which were filed in the United States District Court for the District of Colorado.

6. Colorado's rules deem this a holding out as a CPA in Colorado that requires qualifications Ms. Funk does not have. She is not a CPA in Colorado and may not hold herself out to be a CPA in Colorado.

7. Ms. Funk passed the CPA exam in Kansas, but never completed the Kansas requirement of having one year of qualified work experience to earn a Kansas "permit" to practice as a CPA. Kansas and Colorado have different legal structures for becoming a CPA authorized to practice as a CPA. In Kansas you obtain a CPA "certificate" (which Ms. Funk has) by meeting educational requirements and passing the CPA exam. Then, you must have the year of qualified work experience after which you may obtain a Kansas "permit" to practice as a CPA. Ms. Funk does not have a "permit" to practice as a CPA in Kansas.

8. Colorado combines education, passing the CPA exam and one year of qualified work experience before you can obtain a CPA "certificate." Colorado does not issue "permits" for individual CPAs See, *C.R.S. §§ 12-2-108 and 12-2-109, and Rule 4.1 Colorado Board of Accountancy.* This difference between the states is key. Colorado does not allow someone from another state without one year of qualified work experience to hold themselves out as a Certified Public Accountant or use "CPA." *C.R.S. § 12-2-115(3).*

9. Within the last year, I represented a Kansas CPA before the Board who was fully licensed in Kansas, with a Kansas permit, who used "CPA" on a business card handed to one client. The Board held this individual in violation of Colorado's statutes for improperly holding herself out as a CPA in Colorado. She did not first get reciprocity from Colorado. Ms. Funk's holding out was more egregious because she has no Kansas permit.

10. On the Affidavit for Search Warrant, Special Agent for the Federal Bureau of Investigation, Kate E. Funk, wrote, "[p]rior to my employment with the FBI, I received an accounting degree from the University of Kansas in 1995. I became a certified public accountant in 1996 through the State of Kansas." Again, Ms. Funk has a Kansas certificate, not a permit to practice as a CPA. Clearly, Ms. Funk wanted the Court and others to rely on her statements in her affidavit as if they were provided by a CPA who had met Colorado's requirements to be a CPA. She is not recognized as a CPA in Colorado. I also checked the Kansas Board of Accountancy website and found an FAQ that addresses whether Ms. Funk could provide litigation support services (which is what

3

she did by submitting the affidavit) without having a permit in Kansas. She cannot. Here is the Q&A from the Kansas Board of Accountancy website:

**6. I don't provide any attest services. Am I required to hold a permit to practice to provide non-attest services as a CPA?**
Yes. Financial Planning, litigation support, broker/dealer services, investment advisory, consulting, management advisory and business valuation services, all fall under the definition of non-attest practice, and in order to use the CPA designation in connection with these services, requires a person to hold a valid Kansas permit to practice. For the definition of practice of certified public accountancy, please go to www.ksboa.org/statutes/1_321.pdf The definition is broken out into two categories: atttest and non-attest.

Ms. Funk violated the laws of Colorado by claiming she is a Certified Public Accountant, intending for the Court and others to rely on her statements with the full level of trust, training and competence those statements would have had they been made by a CPA. Even under Kansas law she could not provide the litigation support services she provided here in Colorado.

11. She made the same statement in an affidavit to support an application for search warrant to search email accounts for William Sears, Scott Dittman, and others.

12. According to the records of the University of Kansas, Kate Egan graduated in 1996, not 1995.

13. According to the records of the State Board of Accountancy for the State of Kansas dated December 24, 2017, Kate Egan was issued a CPA certificate on August 4, 1999, not in 1996 as she claimed in Affidavits filed.

14. I am informed, and therefore do believe, that Kate Egan is the same person as Kate Funk. I also have been informed and do believe that Kate Funk has moved to and does reside in Denver, Colorado and not in Chicago, Illinois, and has done so for many years.

4

15. Once one becomes a resident of the State of Colorado, and desires to hold themselves out as a CPA in Colorado, they must obtain reciprocity and a license from the Board to hold themselves out as a CPA in Colorado. Ms. Funk could not have accomplished this because she had no Kansas permit. According to the Board's website: "To apply for a license in Colorado one must satisfy the following:

- Holds an active license from a substantially equivalent jurisdiction and/or possesses the requirements necessary for issuance of a license in Colorado.
- Attests to having completed all CPE required by the other state as of the application receipt date"

Kate Funk formerly known as Kate Egan could not obtain reciprocity because her Kansas certificate is not the equivalent to being a CPA in the State of Colorado.

16. Kate Funk has no professional CPA credential in Colorado. Therefore, she is not qualified as a CPA to offer opinion testimony on the appropriateness of revenue recognition or other applications of Generally Accepted Accounting Principles (GAAP) and Generally Accepting Auditing Standards (GAAS). I have reviewed an Affidavit drafted containing opinions by Kate Funk regarding revenue recognition and disclosure requirements for FusionPharm, and it is my opinion as a licensed lawyer and licensed inactive CPA in the State of Colorado, that Kate Funk was not qualified to render said opinions in her Affidavit as a CPA and violated Colorado's laws by doing so.

17. Colorado Revised Statute § 12-2-129 makes it a Class 2 Misdemeanor to use the CPA designation in Colorado when one is not authorized to do so; and a class 6

felony for any subsequent offense. Kate Funk appears to have violated this criminal statute.

FURTHER AFFIANT SAYETH NAUGHT.

_____          6-18-19
Steven R. Anderson                                Date


STATE OF COLORADO          )
                                                     ) ss.
COUNTY OF Arapahoe        )

Subscribed and sworn to before me by Steven R. Anderson this 18th day of June, 2019.

Witness my official hand and seal.

_____
Notary Public

My commission expires: 8-26-2019

MARCIE J MORTON
NOTARY PUBLIC
STATE OF COLORADO
Notary ID 20034028692
My Commission Expires 08/26/2019

6