| | |
|---|---|
| **From:** | Cliff Bodden <cbodden@gsccventure.onmicrosoft.com> |
| **Sent:** | Wednesday, June 6, 2012 12:34 PM |
| **To:** | 'William Sears' <wsears@fusionpharminc.com> |
| **Subject:** | Bayside Loan Documents |
| **Attach:** | Loan Drawdown Request 05022011.docx; Loan Drawdown Request 06012011.docx; Loan Drawdown Request 09012011.docx; Loan Drawdown Request 10032011.docx; Loan Drawdown Request 11012011.docx; Loan Drawdown Request 12012011.docx; Promissory Note and Credit Line Agreement [Bayside].docx; image003.jpg |

Bill

Let's get these signed up. Meadpoint's to follow in separate email.

Cliff

Description: Logo.png 

**Cliff Bodden**
2731 Silver Star Road
Orlando, Florida 32808
(407) 522-7201 Phone
(407) 506-1314 Direct Dial
(407) 295-0421 Fax

BlackBerry Messenger PIN: 22BE10F5

Please consider the environment before printing this e-mail.

DISCLAIMER: Sender is not a Securities Dealer or Broker or Investment Adviser. Sender is an investor and consultant. This e-mail and the attached related documents are never to be considered an offer or solicitation for any purpose in any form or content. Such offer or solicitation may only be made by means of delivery of a confidential private offering memorandum or other appropriate document which contains a description of the material terms of a particular investment or fund (including significant risk factors). If you reply to this email, please note that we are a public investor and do not want any material non-public information. We do not agree to keep confidential any information you provide and do not agree to any restrictions on our investment activity, except pursuant to a written confidentiality agreement executed by Green Street Capital Partners, LLC. Upon receipt of this e-mail you, as the recipient, hereby acknowledge this disclaimer.

The preceding email message may be confidential or contain proprietary or privileged information. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Financial or consulting advice contained in the preceding message is solely for the benefit of the Green Street Capital Partners' clients(s) represented by the firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

To the extent the preceding message contains advice relating to securities matters. The information provided has been prepared from sources believed to be reliable but is not guaranteed, does not represent all available data necessary for making investment decisions and is for informational purposes only.

## PROMISSORY NOTE
## AND
## CREDIT LINE AGREEMENT

**THIS PROMISSORY NOTE AND CREDIT LINE AGREEMENT** (this "Agreement") is entered into by and between Bayside Realty Holdings, LLC (hereinafter referred to as the "Lender") and FusionPharm, Inc. (hereinafter referred to as the "Borrower") for the purpose of the Borrower's borrowing up to Two Hundred and Seventy Five Thousand ($275,000) dollars from the Lender as follows:

### RECITALS

**FOR VALUE RECEIVED**, the Borrower promises to pay to the order of the Lender, the principal sum of Two Hundred and Seventy Five Thousand dollars ($275,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower by the Lender in the Lender's sole and absolute discretion. It is the intent of the Borrower and the Lender to create a line of credit between the Borrower and the Lender whereby Borrower may borrow up to Two Hundred and Seventy Five Thousand dollars ($275,000) from the Lender; provided, however, that the Lender has no obligation to lend the Borrower any amounts hereunder and the decision to lend such money lies in the sole and complete discretion of the Lender.

**ARTICLE 1.   DRAWDOWN ON LINE OF CREDIT**

The Borrower may request drawdown of the line of credit once every thirty (30) day period (each a "Drawdown Request"). The Lender may pay the amount requested in such Drawdown Request, in the sole and complete discretion, in one or more installments beginning within three (3) days of receipt of such Drawdown Request.

**ARTICLE 2.   INTEREST RATE AND PRINCIPAL**

The unpaid principal of this line of credit shall bear simple interest at a rate of ten percent (10%) per annum. Interest shall be calculated beginning on April 1, 2012 and based on the principal balance as may adjusted from time to time to reflect additional advances made hereunder. Interest on the unpaid principal balance shall accrue monthly but shall not be due and payable until such time as when the principal balance of this Promissory Note becomes due and payable. The principal balance of this Promissory Note shall become due and payable on March 31, 2013 (the "Maturity Date"). There shall be no penalty for early repayment of all or any part of the principal.

**ARTICLE 3.   DEFAULT**

In the event the principal and any interest due hereunder is not received by the Lender on the Maturity Date ("Default") a late charge in the amount of twelve percent (12%) simple interest shall be due and payable on the first subsequent day of the month, represented as a full month without regard to partial accrual of interest after the expiration of the loan period ("Penalty").

**ARTICLE 4.   OTHER CONSIDERATIONS**

Upon the occurrence of an Acceleration Event, the Lender may, in its discretion, declare the entire unpaid principal and interest due and payable as provided herein. The occurrence of any one or more of the following events shall constitute an "Acceleration Event," and the Borrower's indebtedness shall be repaid as set forth below:

(a) The receipt of funding for business development initiatives currently contemplated by Borrower, for which the payment of the Borrower's indebtedness is part of the stated use of proceeds from such funding; or

1

INV_00003680

(b) The receipt by Borrower of offering proceeds, financing or a similar arrangement in the amount of $2,000,000.

## ARTICLE 5.   MISCELLANEOUS

5.1   Notices. Any notice required or permitted hereunder must be in writing and either personally served, sent by facsimile or email transmission, or sent by overnight courier. Notices will be deemed effectively delivered at the time of transmission if by facsimile or email, and if by overnight courier the business day after such notice is deposited with the courier service for delivery.

5.2   Amendment Provision. The term "Note" and all reference thereto, as used throughout this instrument, means this Agreement as originally executed, or if later amended or supplemented, then as so amended or supplemented.

5.3   Assignability. This Agreement will be binding upon the Borrower and its successors and permitted assigns, and will inure to the benefit of the Lender and its successors and permitted assigns, and may be assigned by the Lender.

5.4   Governing Law. This Agreement will be governed by, and construed and enforced in accordance, with the laws of the State of Colorado, without regard to the conflict of laws principles thereof. Any action brought by either party against the other concerning the transactions contemplated by this Agreement shall be brought only in the state courts of Colorado or in the federal courts located in Denver County, in the State of Colorado. Both parties and the individuals signing this Agreement agree to submit to the jurisdiction of such courts.

5.5   Delivery of Process by the Lender to the Borrower. In the event of any action or proceeding by Lender against Borrower, and only by the Lender against Borrower, service of copies of summons and/or complaint and/or any other process which may be served in any such action or proceeding may be made by the Lender via U.S. Mail, overnight delivery service such as FedEx or UPS, email, fax, or process server, or by mailing or otherwise delivering a copy of such process to the Borrower at its last known address.

5.6   Attorney Fees. In the event any attorney is employed by either party to this Agreement with regard to any legal or equitable action, arbitration or other proceeding brought by such party for the enforcement of this Agreement or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, the prevailing party in such proceeding will be entitled to recover from the other party reasonable attorneys' fees and other costs and expenses incurred, in addition to any other relief to which the prevailing party may be entitled.

5.7   Effective Date. This Agreement will become effective only upon occurrence of the two following events: the receipt of a Drawdown Request by the Lender from the Borrower and delivery of loan proceeds by the Lender to the Borrower.

Agreed this May 2, 2011

| FUSIONPHARM, INC. | BAYSIDE REALTY HOLDINGS, LLC |
|---|---|
| By: _____<br>Scott Dittman<br>Chief Executive Officer | By: _____<br>[Name]<br>[Title] |

2