UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 16-cr-00301-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  WILLIAM SEARS,

    Defendant

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER**

_____

The United States of America, by and through its counsel, Jeremy Sibert, hereby respectfully submits this reply as directed by this Court regarding defendant's motion to reconsider his withdraw from his guilty plea.

The defendant asks the court to reconsider its ruling based on what he argues to be the court's "misapprehension" of the defendant's "position and facts that support his position." See ECF No. 175, ¶ 6. In support of this erroneous suggestion, the defendant focuses not on Rule 11 but only on the court's change of plea practice of asking a defendant directly what it was that he did wrong. The defendant suggests the court limit its view of the existence of a factual basis to only the defendant's direct answer to this question which comprised only two sentences. *Id* at ¶ 7.

The defendant then attempts to bolster his argument that his brief response to the court's direct questions is not some "johnny come lately" suggestion by noting a two-sentence email sent to his attorney six months later. *Id* at ¶ 8.

These two suggestions show the defendant's misguided view of the application of Rule 11 at a change of plea hearing. *United States v. Pence* provides the requirements for a Court to accept a guilty plea under Rule 11. Quoting from *United States v. Pence*, 399 Fed.Appx. 361, (10th Cir. 2010), 2010 WL 4069474, ""Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). The court may consider "anything that appears in the record" when making its determination. *United States v. Keiswetter,* 860 F.2d 992, 996 (10th Cir.1988) (internal quotations and emphasis omitted). " 'An inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case.' " *Id.* (quoting Notes of Advisory Committee on Rules, 1974 Amendment to Rule 11). Thus, Rule 11 does not require the district judge to question the defendant as to the factual basis for a guilty plea; rather, the rule simply imposes an obligation on the judge to "determine *that there is* a factual basis for the plea." Fed.R.Crim.P. 11(b)(3) (emphasis added). Questioning the defendant is merely one method, albeit a laudable and effective one, of ascertaining that such a factual basis exists. *See* Notes of Advisory Committee on Rules, 1974 Amendment to Rule 11 ("An inquiry might be made ... *by whatever means is appropriate* in a specific case.") (emphasis added). Nevertheless, whatever the chosen method, it is " 'incumbent upon the judge to produce a record on the basis of which we can determine that his discretion was not abused.' " *Keiswetter,* 860 F.2d at 996 (quoting *United States v. Dayton,* 604 F.2d 931, 938 (5th Cir.1979))."

*United States v. Adams*, 448 F.3d 492, 500 (2nd Cir. 2006) is in agreement with the Tenth Circuit regarding the requirements under Rule 11.  In *Adams*, the Court ruled that the district court must "determine there is a factual basis for the plea."  Rule 11(b)(3).  Two aspects of this section are important in considering the defendants motion to reconsider.  First, the determination if sufficient facts exist to support a plea must be made *at the time of the plea is* accepted, not in an after the fact hearing supported by emails from a defendant to his lawyer months after the plea and months before his motion to withdraw filing.  *United States v. Adams*, 448 F.3d 492, 500 (2nd Cir. 2006).  Second, the court's determination that a factual basis exists to support the plea need not come directly from the defendant's mouth, as the defendant seems to suggest, here.  "We need not rely solely on defendant's allocution, however to support the plea, rather any facts on the record at the time of the plea proceeding may be used.  Such facts must already exist on the record or be put on the record at the time of giving of the plea after an inquiry of the defendant, the government or any other available sources of information."  *Id.* at 499.  The Court may rely on "any facts on the record at the time of the plea proceeding," *Adams,* 448 F.3d at 499, including the defendant's own admissions and statements made by defense counsel.  *See United States v. Smith,* 160 F.3d 117, 121 (2d Cir.1998).

This Honorable Court found at the time of the plea a sufficient factual basis existed for the pleas.  As this Court correctly noted in EDF No. 150, this Court reviewed the plea agreement facts with defendant Sears, asked Sears to provide him a summary his criminal misconduct, and then went over each of the essential elements for the two charged offenses with defendant Sears.  In addition to reviewing the facts with defendant Sears, this Court asked defendant Sears' lawyer if the Court could rely on the stipulated facts in the plea agreement for a factual basis.  *See* ECF No. 84 at 15.  Defendant Sears' lawyer, along with the government, agreed that this Court could

rely on the stipulated facts in the plea agreement. *Id*. After going over the facts of the plea agreement, his rights to a jury trial, the elements of the offenses, and maximum statutory sentences with defendant Sears, defendant Sears still agreed to enter a guilty plea on both counts. *Id*. at 23-25. In addition, defendant Sears' lawyer, along with the government, agreed that this Court complied with the requirements under Rule 11. *Id*. at 24. Finally, after hearing from defendant Sears, reviewing and accepting the plea agreement, questioning defendant Sears' lawyer, and hearing defendant Sears plead guilty, this Court found that the defendant knowingly and voluntarily entered a plea of guilty to Counts 1 and 2 of the information and he has admitted the forfeiture allegation in that information, with a full understanding of the factual basis and essential elements of the charges. *Id*. at 25. This Court made a record that clearly shows that the Court's discretion under Rule 11 was not abused.

      The fact the defendant later sent an email to his attorney months later arguably calling into question what he admitted to this court under oath is insignificant. Further, the defendant now suggests his brief response to the court's direct questions is the only source which can be used for the determination the court must make under Rule 11(b)(3) that there exists a factual basis for the plea. As noted in the Tenth Circuit, this is not the case. As noted in the court's ruling ECF 84, the court inquired of the defendant if the statement of facts covering 25 pages of the plea agreement were true. The defendant agreed they were true. This factual basis described in the plea agreement was sufficient. A recitation of facts need come from the defendant's own mouth.

      Rule 11 requires the court to make direct inquiry of the defendant as to the voluntariness and knowing nature of his understanding of his rights and what he is forfeiting. Here, the court did. Totally separate and apart from the defendant's understanding, the court must make an

4

independent determination from the facts before it from all sources at the time of the plea whether a factual basis exists for the charge to which the defendant is pleading. In reviewing what transpired more than three years ago at the change of plea hearing, this Court painstakingly reviewed the record and concluded the two aspects of a validly conducted change of plea hearing occurred then. This Court did not, as the defendant characterizes it, "misapprehend" what he is arguing now. Rather in its ruling, this Court focused on the legal standard for a change of plea and the facts before it, given the change of heart of the defendant after being put through the ringer during his testimony at the Jean-Pierre trial.

As for defendant Sears's remaining agreements in his Motion for Reconsideration, this Honorable Court correctly ruled that matters such as Agent Funk's CPA status is not Brady material or facts/information that render defendant Sears' guilty plea involuntary. *See* ECF No. 150. At best, the information regarding Agent Funk and Mr. Lehrer might have been impeachment evidence if defendant Sears had elected his right to a trial as opposed to pleading guilty. *Id*.

Based on the above argument, this Honorable Court probably concluded that there was no basis for defendant Sears from withdrawing from his change of plea. In his Motion for Reconsideration, defendant Sears fails again to provide any legal basis to withdraw from his guilty plea and this Court should deny defendant Sears' request again.

Dated: August 23rd, 2019

                                    Respectfully submitted,

                                    JASON R. DUNN
                                  United States Attorney

                      By:    s/Jeremy Sibert
                            JEREMY SIBERT
                            Assistant United States Attorney

                                          United States Attorney's Office
                                          1801 California Street, Suite 1600
                                          Denver, Colorado  80202
                                          Telephone: (303) 454-0100
                                          FAX: (303) 454-0403
                                          E-mail: Jeremy.Sibert@usdoj.gov
                                          Attorney for the United States

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 23rd day of August, 2019, I electronically filed the foregoing **Government's Response** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

   **Peter Bornstein**

                                          s/Jeremy Sibert
                                          JEREMY SIBERT
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          1801 California Street, Suite 1600
                                          Denver, Colorado  80202
                                          Telephone: (303) 454-0100
                                          FAX: (303) 454-0403
                                          E-mail: Jeremy.Sibert@usdoj.gov