IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 16-cr-301-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **WILLIAM J. SEARS**,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

Defendant William J. Sears ("Sears") pleaded guilty in November 2016 to one count of conspiracy to defraud the United States (18 U.S.C. § 371) and one count of filing a false income tax return (26 U.S.C. § 7206(1)). (ECF Nos. 41, 48, 84.) His sentencing has been postponed pending his opportunity to testify in the Government's case against Guy Jean-Pierre, a co-conspirator who, for procedural reasons not relevant here, was charged in a separate criminal action. (*See* Criminal Case No. 17-cr-008-WJM.) Jean-Pierre went to trial before the undersigned in January 2019, and Sears testified at the trial, as expected. The Court then set Sears's sentencing hearing for July 11, 2019, which has since been continued to October 31, 2019.

On May 4, 2019, Sears filed a Motion to Withdraw Plea of Guilty. (ECF No. 139.) The Court denied that motion on May 22, 2019. (ECF No. 150.) On August 1, 2019, Sears filed a Motion for Reconsideration (ECF No. 173), which is currently before the Court. The Court's analysis below presumes familiarity with its May 22, 2019 order.

In a criminal case,

> [a] motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier.

*United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (internal quotation marks and citations omitted).

Sears first argues that the Court has misapprehended the law, "imposing a burden on [him] to not just raise arguments in favor of innocence, but to convince the Court of his innocence." (ECF No. 173 ¶ 5.) The Court imposed no such burden. Sears's motion seemed to presume that he could simply claim innocence and that would be enough. The Court thus found that Sears had not justified his motion because, among other reasons, he had offered only "bare assertions of innocence with no support, and no explanation of why [he had] gone back on [his] sworn testimony [at the change-of-plea hearing]." (ECF No. 150 at 8.)

Sears next attacks the Court's reliance on his change-of-plea testimony:

> Of the multi-pages of alleged activities recited in the plea agreement, the only one that Mr. Sears acknowledged, in the colloquy, was his involvement in the creation of a convertible promissory note that was backdated.
>
> * * *
>
> . . . Sears never agreed he was guilty of the entire crime as presented by the government in the plea agreement.
>
> * * *
>
> [B]ackdating of the convertible notes was not an illegal act
> . . . .

2

> The colloquy with Mr. Sears during the change of plea hearing reveals that he admitted only to a very narrow slice of the facts the government alleged against him.

(ECF No. 173 ¶¶ 7, 9, 11–12.) To the contrary, Sears acknowledged that he had read all of the facts alleged in the plea agreement and that there was no inaccuracy. (*See* ECF No. 150 at 3–4.) In addition, there is no requirement that the Court obtain the defendant's verbal description of his or her incriminating actions, and therefore no requirement that the Court's colloquy or the defendant's resulting narrative embrace every criminal act alleged by the Government.[1]

Sears's third argument for reconsideration is that the Court misapprehended his assertion of innocence:

> [H]e is arguing that he did not have the *mens rea* to agree to violate the law and to engage in an overt act furthering the objective of the conspiracy. This is because he has claimed throughout, as noted by the footnotes in the plea agreement, that he was acting with advice of counsel and because of that advice he lacked the *mens rea* to violate the conspiracy statute.

(ECF No. 173 ¶ 10.) Sears never made this argument in his original motion so the Court could not have misapprehended it. But the argument is self-defeating in any event. The plea agreement indeed contains many footnotes explaining Sears's position about the advice of counsel he received and evidence in that regard that he would introduce at a trial. (*See* ECF No. 41 at 15 n.5, 17 n.8, 22 n.15, 24 n.18; ECF No. 42 at 1 n.20, 6 n.25.) And yet Sears still signed the plea agreement and pleaded guilty. Perhaps he regrets that now, but he cannot claim that he was not well-informed at the

---

[1] If Sears means to say that he admitted only one criminal violation because that is the only violation he subjectively believed the Government could have proved, he has never before expressed that subjective belief. To testify in a change-of-plea hearing with his fingers crossed, so to speak, is a violation of the oath to testify truthfully.

relevant time.

Sears's fourth argument is that the Court misapprehended the significance of his discovery that Agent Funk is not authorized under Kansas law to hold herself out as a CPA, and that her representation of herself as such in search warrant affidavits calls into question "the integrity of the prosecution." (ECF No. 173 ¶¶ 14–17.) But this is no more than a more emphatic re-urging of a prior argument that the Court rejected. Also, as the Court previously explained, Agent Funk is a CPA and the only question is the context in which she can hold herself out as such under the laws of her regulating jurisdiction, Kansas. (ECF No. 150 at 10.) As the Court further explained, even if Agent Funk should not have represented to the magistrate judge in a warrant affidavit that she is a CPA, the question in any motion to suppress that warrant would be whether it would have mattered to the magistrate judge—whether the "CPA" designation was materially misleading *and* whether its removal from the warrant affidavit would have destroyed probable cause. (*Id.* at 11, 15.) Moreover, the Court noted that Sears had not identified any alleged accounting errors that Agent Funk had committed. (*Id.* at 17 n.8.) Sears's Motion for Reconsideration still does not identify any such errors.

Finally, Sears re-urges his argument that it should have been disclosed to him, before he pleaded guilty, that former AUSA Harmon was friends with Mr. Lehrer, who had provided similar opinion letters as Mr. Jean-Pierre, but who was not charged. (ECF No. 173 ¶¶ 18–21.) Sears raises nothing in this respect that he did not or could not have previously raised. His assertion that he could subpoena Mr. Lehrer for trial (*id.* ¶ 21) was as true before he pleaded guilty as now. (*See* ECF No. 150 at 13 ("[T]he *only* thing about Mr. Lehrer that Sears did not know at the time of his decision to accept a

4

plea deal was Mr. Lehrer's relationship with Mr. Harmon. Sears knew beforehand that Mr. Lehrer was not being prosecuted, that Mr. Harmon had no intent to prosecute Mr. Lehrer, and that Mr. Lehrer had offered testimony in an SEC proceeding that Sears considered false." (emphasis in original; citation omitted)).

For the reasons set forth above, Sears's Motion for Reconsideration (ECF No. 173) is DENIED.

Dated this 30th day of September, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge