IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-301-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.    WILLIAM J. SEARS**,

        Defendant.
_____

## AMENDED PRELIMINARY ORDER OF FORFEITURE
_____

THIS MATTER comes before the Court on the United States' Motion for Amended Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. The Court having read said Motion and being fully advised in the premises finds:

On November 14, 2016, Defendant William J. Sears was charged by Information in Count One with conspiracy to defraud the United States and one of its agencies, violation of 18 U.S.C. § 371; and with willfully making a false declaration under the penalty of perjury, in violation of 26 U.S.C. § 7206(1). (Doc. 43). The Information also sought forfeiture against defendant Sears, pursuant to 18 USC § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of numerous assets, including a money judgment, that constituted or derived from gross proceeds traceable to the commission of the offense charged in Count One of the Information or property traceable to such property. (Doc. 43).

On November 14, 2016, the United States and Defendant William Sears entered

1

into a Plea Agreement, which provides a factual basis and cause to issue a forfeiture order and issue a personal money judgment under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure. (Doc. 56).

Defendant William Sears obtained $10,810,916.90 of the 12,204,172.00 in FusionPharm, Inc. stock sales proceeds, personally, or through accounts he controlled.

The requisite nexus exists between the conspiracy to defraud offense to which Defendant William Sears pleaded guilty, and the following directly traceable assets:

1) $27,066.23 in United States currency seized from Wells Fargo Bank Account No. 6020559917, held in the name of Meadpoint Venture Partners;

2) $9,455.56 in United States currency seized from Wells Fargo Bank Account No. 7784731577, held in the name of Sandra L. Sears;

3) $6,028,803.25 in United States currency seized from Moors and Cabot Trust Account No. 4597-6546, held in the name of Sandra Lee Sears, Tr. Sandra Lee Sears Ttee; and

4) $250,000 in United States currency held in lieu of earnest money held on deposit for the purchase of 4200 Monaco Street, Denver, Colorado.

Defendant William Sears has an interest in the following substitute assets, which are subject to forfeiture:

a. $147,724.38 realized from the sale of 13442 Jackson Drive, Thornton, Colorado, 80241; and

b. Any monetary value he realizes in the future from his interest in FusionPharm, Inc.

Prior to the disposition of the assets, the United States, or its designated sub-custodian, is required to seize the forfeited property and provide notice to any third

parties pursuant to 21 U.S.C. § 853(n).

On January 30, 2020, the Court ordered Defendant William J. Sears to pay restitution in the amount of $2,433,818.00 to the Internal Revenue Service.

The parties have agreed that funds seized from the Moors and Cabot Trust account shall be applied to the restitution ordered against Defendant William J. Sears.

THEREFORE, IT IS ORDERED, DECREED AND ADJUDGED:

THAT Defendant William Sears's interest in:

1) $27,066.23 in United States currency seized from Wells Fargo Bank Account No. 6020559917, held in the name of Meadpoint Venture Partners;

2) $9,455.56 in United States currency seized from Wells Fargo Bank Account No. 7784731577, held in the name of Sandra L. Sears;

3) $6,028,803.25 in United States currency seized from Moors and Cabot Trust Account No. 4597-6546, held in the name of Sandra Lee Sears, Tr. Sandra Lee Sears Ttee; and

4) $250,000 in United States currency held in lieu of earnest money held on deposit for the purchase of 4200 Monaco Street, Denver, Colorado

is forfeited to the United States in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

THAT Defendant William Sears' interest in:

a. $147,724.38 realized from the sale of 13442 Jackson Drive, Thornton, Colorado, 80241; and

b. Any monetary value he realizes in the future from his interest in FusionPharm, Inc

is forfeited to the United States in accordance with 21 U.S.C. § 853(p) as substitute

assets.

THAT the United States is directed to seize the property subject to forfeiture, and further to make its return as provided by law;

THAT the United States Marshals Service shall remit $2,433,818.00 seized from the Moors and Cabot Trust Account No. 4597-6546, held in the name of Sandra Lee Sears, Tr. Sandra Lee Sears Ttee to the Clerk of the Court to be applied to the restitution ordered in this case.

THAT the United States shall publish notice of this Amended Preliminary Order of Forfeiture in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, via a government website for at least thirty consecutive days, and to make its return to this Court that such action has been completed;

THAT upon adjudication of all third-party interests, if any, the Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

THAT a Personal Money Judgment against Defendant William J. Sears in the amount of $1,914,049.49 in United States currency shall be entered in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

THAT pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Amended Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of

forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

THAT pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Amended Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

THAT the Court shall retain jurisdiction to enforce this Order and adjudicate the interests of all third-parties in ancillary proceedings.  Fed. R. Crim. P. 32.2(c)(1).

THAT this Amended Preliminary Order of Forfeiture may be amended pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure.

Dated this 10th day of February, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge