IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00301-WJM

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1.  WILLIAM J. SEARS,**

    Defendant.

---

## MOTION FOR BOND WHILE ON APPEAL

---

Defendant, William J. Sears, by his counsel of record, Peter R. Bornstein, moves this Court for an order admitting Mr. Sears to bail and bond while he is on appeal. As grounds in support of this motion, Defendant Sears states to the Court as follows:

1. Defendant stands convicted of conspiracy to defraud the United States pursuant to 18 U.S.C. § 371 and filing a false income tax return pursuant to 26 U.S.C. § 7206(1); having been sentenced and judgment entered on February 10, 2020.

2. Defendant was sentenced to 60 months as to Count 1 and 36 months as to Count 2 for a total term of incarceration of 96 months.

3. On February 12, 2020, Mr. Sears filed a notice of appeal.

4. Mr. Sears requests and asks for a bond and bail pending appeal pursuant to the terms of 18 U.S.C. § 3143(b).  That section reads as follows:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offence and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –
>
> > (A) by clear and convincing that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
> >
> > > (i) reversal,
> > > (ii) an order for a new trial,
> > > (iii) a sentence that does not include a term of imprisonment, or
> > > (iv) a reduced sentenced to a term of imprisonment less that the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

5. Mr. Sears must establish three propositions to be entitled to bond under the statute.

6. First, Mr. Sears is not likely to flee or pose a danger to the safety of any other person.

7. Beginning in May of 2014 when the FBI executed a search warrant on FusionPharm until September of 2016, Mr. Sears negotiated through his counsel with the U.S. Attorney's Office with respect to charges to be filed and with respect to his cooperation with the government, including luring Guy Jean-Pierre into the custody of the United States so that his criminal prosecution could be processed.

8. Mr. Sears was not arrested and prosecuted based on a grand jury indictment. Rather, he reached a pre-indictment plea agreement pursuant to which he

was arrested and immediately released. Mr. Sears made an initial appearance on September 15, 2016, and was processed by the United States Marshal Service. He was then released on a personal recognizance bond without pretrial services supervision.

9. For the next three and a half years, Mr. Sears was out on recognizance. He made all of his court appearances and appeared for trial to testify in the case of Guy Jean-Pierre.

10. During the five years that Mr. Sears was not in custody, but under either investigation or pursuant to a pre-arranged plea to a two-count indictment, Mr. Sears demonstrated that he was not likely to flee or pose a danger to the safety of any other person. He has demonstrated this by clear and convincing evidence.

11. Second, Mr. Sears is appealing his denial of a motion to withdraw his plea of guilty because he adamantly maintains before this Court that he is innocent of the charges and should be allowed to withdraw the plea of guilty so that he could go to trial and establish his innocence. Consequently, this appeal and his request for an appeal are not for the purpose of delay.

12. Third, Mr. Sears must establish that his appeal raises a substantial question of law or fact likely to result in a reversal, a new trial, or resentencing that would not include a period of incarceration. *See, United States v. Affleck,* 766 F.2d 944, 952 (10th Cir. 1985), and *United States v. Nacchio,* 608 F. Supp. 2d 1237, 1241-1242 (D. Colo. 2009).

13. Although this Court has denied both his original motion to withdraw his plea and his amended motion to withdraw his plea, those motions raise a substantial

question of both law and fact that is likely to result in an order allowing him to withdraw his plea and go to trial.

14. Consequently, Mr. Sears requests that this Court admit him to bail pending his appeal of the Court's denial of his motion to withdraw his guilty plea.

15. Undersigned counsel attempted to confer with AUSA Jeremy Siebert regarding this motion, but was unable to because Mr. Siebert is out of the office through March 1st. Counsel assumes that AUSA Siebert will object to the motion.

Respectfully submitted this 20th day of February, 2020.

THE LAW OFFICES OF PETER R. BORNSTEIN

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
E-mail: pbornstein@prblegal.com
*Attorney for Defendant William J. Sears*

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2020, I electronically filed the foregoing **MOTION FOR BOND WHILE ON APPEAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
THE LAW OFFICES OF PETER R. BORNSTEIN