IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 16-cr-00301-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    WILLIAM J. SEARS,

    Defendant.

### GOVERNMENT'S RESPONSE TO DEFENDANT SEARS' MOTION FOR RELEASE PENDING APPEAL [ECF 221]

The United States of America, by and through its undersigned counsel, opposes Defendant Sears motion for release pending [ECF 221] and submits the following pursuant to the Court's order [ECF 222].

Under 18 U.S.C. § 3143(b)(1), detention pending appeal is presumed unless the Court finds (A) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," and (B) "that the appeal is not for the purpose of delay and raises a substantial question or law or fact likely to result in" reversal, a new trial, or a lesser sentence. *Id*. "[A] substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (internal quotation omitted). "[W]hether a particular question is

'substantial' must be determined on a case-by-case basis[.]" *Id.* The defendant bears the burden to show that all of § 3413(b)'s criteria are met. *Id.* at 953.

Defendant contends that he has demonstrated that he is not a flight risk and that he poses no danger to any person or the community. Defendant also identifies the one legal issue on appeal that he deems substantial and likely to result in a reversal, whether the Court erroneously denied his motion and amended motion to withdraw his plea.

The United States does not contest the submission by the defendant that he is not a flight risk and does not pose a risk of danger. However, the defendant's motion should be denied because he has failed to meet his burden of identifying a substantial question that is "likely to result" in a reversal of his conviction on appeal and has thus failed to meet the second prong of the above-noted statute.

The defendant entered a guilty plea on November 14, 2016 [ECF 40]. On April 4, 2019, the defendant filed a 9-page motion to withdraw his guilty plea [ECF 139]. The government filed a 13-page response on April 14, 2019 [ECF 144]. The defendant filed a reply to the government's response on May 19, 2019 [ECF 149]. In an 18-page ruling, the Court denied the motion on May 19, 2019 [ECF 150]. On August 1, 2019, the defendant filed a motion to reconsider its ruling denying the motion [ECF 173]. On August 23, 2019, the government filed a response [ECF 180], and the Court denied the motion to reconsider on September 30, 2019 [ECF 181].

In his motion for release, the defendant makes no argument or showing that the Court's rulings are likely to be reversed on appeal. He simply suggests the rulings are likely

to be reversed on appeal [ECF 221, ¶ 13].  Stating such is the case, or hoping such is the case, does not meet the burden to establish by clear and convincing evidence that the Court's rulings are likely to be reversed on appeal.

The government does not intend to rehash all the arguments made in the pleadings noted above.  The best evidence of the fact the defendant has not, and cannot, meet his burden to show a likely reversal is the Court's rulings themselves [ECF 150, 181].  The Court's original ruling [ECF 150], an 18-page order, is a total, exhaustive rejection of the defendant's arguments, and frankly, the government could not make a better argument than attaching it as an exhibit to this response.

WHEREFORE, based upon his failure to meet his burden under 18 U.S.C. 3143(b)(1), the defendant Sears' motion for release pending appeal should be denied.

Respectfully submitted this 25th day of February 2020.

> JASON DUNN
> United States Attorney
>
> *s/ Robert Brown*
> ROBERT BROWN
> Assistant United States Attorney
> 1801 California Street #1600
> Denver, CO 80202
> Phone: 303 454 0100
> robert.brown5@usdoj.gov
> Attorney for the Government

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 25th day of February 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the attorneys of record.

                <u>*s/ Kayla Keiter*</u>
                Legal Assistant
                United States Attorney's Office