**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 16-cr-301-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **WILLIAM J. SEARS**,

    Defendant.

---

**ORDER DENYING MOTION FOR BOND PENDING APPEAL**

---

Defendant William J. Sears ("Sears") pleaded guilty in November 2016 to one count of conspiracy to defraud the United States (18 U.S.C. § 371), which was essentially a securities fraud charge ("Count 1"); and one count of filing a false income tax return (26 U.S.C. § 7206(1)) ("Count 2"). (ECF Nos. 41, 48, 84.) His sentencing was postponed pending his opportunity to testify in the Government's case against Guy Jean-Pierre, a co-conspirator who, for procedural reasons not relevant here, was charged in a separate criminal action. (*See* Criminal Case No. 17-cr-008-WJM.) Jean-Pierre went to trial before the undersigned in January 2019, and Sears testified at the trial, as expected.

After various additional postponements, Sears's sentencing took place on February 10, 2020, and the Court sentenced Sears to 60 months on Count 1 and a consecutive 36 months on Count 2, for a total of 96 months. (ECF No. 215.) Sears had been on bond, but at the conclusion of the hearing the Court remanded him to the

custody of the U.S. Marshal (and ultimately the Bureau of Prisons).  According to the BOP's "Find an Inmate" service (https://www.bop.gov/mobile/find_inmate/), he is currently imprisoned at FCI Florence, with a projected release date of November 22, 2026.

Currently before the Court is Sears's Motion for Bond While on Appeal.  (ECF No. 221.)  A defendant seeking to be released on bond pending appeal must establish:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Given that Sears was on bond for more than three years before his sentencing, without incident, subparagraph (A) is satisfied.

Concerning subparagraph (B), Sears must raise "a substantial question of law or fact likely to result in" any of the outcomes listed in clauses (i) through (iv).  In this regard, the only issue Sears raises is his attempts to withdraw his guilty plea.  (*See* ECF No. 221 ¶¶ 11–13; *see also* ECF No. 139 (Motion to Withdraw Plea of Guilty), ECF No. 173 (Motion to Reconsider [the Court's order denying the Motion to Withdraw Plea of Guilty]).)  The Court presumes familiarity with its prior orders denying Sears's motions.

(ECF Nos. 150, 181.)

The Court is confident of the analysis in its prior orders, and so finds that the issue of whether Sears should have been allowed to withdraw his guilty plea satisfies none of the four possibilities in 18 U.S.C. § 3143(b)(1)(B).  But Sears faces a larger obstacle than that.  His attempts to be relieved of his guilty plea focus on Count 1.  As the Court previously observed, Sears has never asserted his innocence on Count 2.  (ECF No. 150 at 3–4, 6.)  Accordingly, whatever else may happen on appeal, Sears will still serve his 36-month sentence on Count 2—or, assuming full 15% good-time credit, 30.6 months.  For Sears to be at risk of over-serving *that* sentence, the Tenth Circuit would need to delay deciding his appeal until approximately August or September 2022.  But Sears's appeal has been proceeding apace (*see* ECF Nos. 217, 237), and the Court has never seen a single-defendant criminal appeal require more than eighteen months of the Tenth Circuit's time.  In other words, the Court can confidently expect a decision from the Tenth Circuit by roughly August or September 2021, and probably earlier, but in either event well before Sears reaches 36 months (or 30.6 months) in prison.

For these reasons, Sears's Motion for Bond While on Appeal (ECF No. 221) is DENIED.

Dated this 26th day of June, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge