FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

August 4, 2020

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM J. SEARS,

    Defendant - Appellant.

No. 20-1042
(D.C. No. 1:16-CR-00301-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **HOLMES**, Circuit Judges.
_____

The government has moved to dismiss defendant William J. Sears's appeal because it falls within the scope of the appeal waiver contained in his Plea Agreement. We grant the motion and dismiss the appeal.

Sears pleaded guilty to conspiracy to defraud the United States and to commit offenses against the United States, in violation of 18 U.S.C. § 371, and filing a false income tax return, in violation of 26 U.S.C. § 7206(1). The district court sentenced him to 96 months in prison. This was the statutory maximum sentence that could be imposed for both offenses when run consecutively.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his Plea Agreement, Sears "knowingly and voluntarily waive[d] [his] right to appeal any matter in connection with [his] prosecution, conviction, or sentence unless the sentence exceeds 96 months." Mot., Attach. 1 at 9. He further waived his right to collaterally attack his "prosecution, conviction, or sentence and/or the manner in which it was determined . . . including [through] a motion brought under 28 U.S.C. § 2255, except . . . [for] relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that he was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct." *Id.* at 9-10.

The government has filed a motion to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). When evaluating a motion to enforce, this court considers "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Sears argues the waiver should not be enforced because this appeal falls outside its scope and because enforcing the waiver would result in a miscarriage of justice. Because he does not assert that his waiver was not knowing and voluntary, we need not address that factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

Sears contends this appeal falls outside the scope of the waiver because it is within the stated exceptions for ineffective assistance of counsel and prosecutorial misconduct. The government correctly points out that these exceptions do not apply

2

to the waiver of Sears's right to *appeal* his "prosecution, conviction, or sentence," which permits him to appeal only if the sentence exceeded 96 months (which it did not), Mot., Attach. 1 at 9. Instead, the exceptions Sears cites relate to the separate waiver of *collateral review*.

Sears contends that this appeal falls within these exceptions because "[h]e is seeking relief 'otherwise available' by means of a direct appeal of his motion to withdraw his guilty plea." Resp. at 4. We disagree. By appealing the denial of his motion to withdraw his plea, Sears does not seek collateral review, but instead seeks to appeal a "matter in connection with [his] prosecution, conviction, or sentence," Mot., Attach. 1 at 9. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam) ("Case law makes clear that an appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus falls within the plain language of an appeal waiver provision." (brackets and internal quotation marks omitted)). Thus, the appeal falls within the scope of the waiver, and his challenge based on the first *Hahn* factor fails.

Sears also contends that enforcing the waiver would result in a miscarriage of justice. A miscarriage of justice occurs if (1) the district court relied on an impermissible factor, such as race; (2) the district court imposed a sentence that exceeded the statutory maximum; (3) the waiver was the result of ineffective assistance of counsel in its negotiation; or (4) the waiver was otherwise unlawful. *See United States v. Salas-Garcia*, 698 F.3d 1242, 1255 (10th Cir. 2012). Sears relies on the third factor, arguing that his initial defense counsel was ineffective

because he "failed to conduct an adequate investigation before advising Mr. Sears to engage in plea negotiations and to agree to the plea agreement," Resp. at 5, and on the fourth factor, arguing that the waiver is "otherwise unlawful" because the "prosecution was filled with *Brady/Giglio* violations," *id.* at 6.

Sears's argument concerning counsel's alleged ineffectiveness cannot be raised on direct appeal. In *Hahn*, we explained that "[g]enerally, we only consider ineffective assistance of counsel claims on collateral review." 359 F.3d at 1327 n.13. And we expressly stated that *Hahn*'s miscarriage-of-justice holding "does not disturb this longstanding rule." *Id.* We later reiterated that "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Porter*, 405 F.3d at 1144. Thus, Sears's argument does not prevent the waiver from being enforced at this stage of the proceedings.[1] Sears's assertions that

---

[1] The government argues that this appeal falls within an exception to the general principle, because the ineffective-assistance issue was "raised and ruled upon by the district court, and the record is sufficiently developed for review at this juncture." Reply at 5. It thus urges us to resolve this issue on the merits and to conclude there was no miscarriage of justice. *See id.* at 6-15. But we decline to do so. A motion to enforce a plea agreement seeking dismissal of a direct appeal is not the proper proceeding in which to perform a deep dive into issues of counsel's ineffectiveness. *See United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013) (per curiam) ("Motions to enforce should be, as our rules suggest, . . . narrow, focused and often summary."); *see also generally Hahn*, 359 F.3d at 1328 (stating the government's motion should "address the three-prong enforcement analysis . . ., but not the underlying merits of the defendant's appeal"); 10th Cir. R. 27.3 (classifying motion to enforce as motion seeking "[s]ummary disposition" of an appeal). Although an ineffective-assistance claim may be resolved as part of the merits consideration of an appeal in rare cases when the issue was both "raised before and ruled upon by the district court *and* a sufficient factual record exists," *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011), such a resolution will almost never

his counsel was ineffective in connection with the appeal waiver must be adjudicated, if at all, on collateral review.

Sears also argues that the waiver is "otherwise unlawful." Resp. at 6. "To be otherwise unlawful, an error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Smith*, 500 F.3d 1206, 1212 (10th Cir. 2007) (brackets and internal quotation marks omitted). Moreover, "[t]his exception looks to whether the *waiver* is otherwise unlawful, . . . not to whether another aspect of the proceeding may have involved legal error." *Id.* at 1213 (internal quotation marks omitted).

In support of his "otherwise unlawful" argument, Sears makes essentially the same arguments he made to the district court in seeking to withdraw his guilty plea: that the government improperly withheld information that the prosecutor had a conflict of interest with a government witness, and that an FBI agent assigned to his case failed to qualify as a securities fraud investigator under SEC criteria because she was not entitled to use a C.P.A. designation. *See* Resp. at 6-7. He also complains that the government adopted shifting legal theories during the prosecution. Although

---

be appropriate in connection with the limited proceedings involved in a motion to enforce.

Nor, in this case, do we find it appropriate to deny the government's motion without prejudice to permit the parties to litigate the ineffective-assistance issue before a merits panel. Although the government cites a case where the merits panel did adjudicate such an issue, *see United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1216 (10th Cir. 2008), here we are not satisfied that the ineffective-assistance issue was sufficiently raised and ruled upon by the district court or that the record was sufficiently developed for review at this juncture.

5

these arguments demonstrate that Sears has appellate issues to assert, he has provided no persuasive reasons that enforcing the appeal waiver will result in a miscarriage of justice.

For the foregoing reasons, the government's motion to dismiss is granted and Sears's appeal is dismissed. The government's motion to seal the attachments to the motion to enforce is granted.

    Entered for the Court
    Per Curiam

Case 1:16-cr-00301-WJM   Document 241   Filed 08/05/20   USDC Colorado   Page 6 of 8
Appellate Case: 20-1042   Document: 010110386376   Date Filed: 08/04/2020   Page: 6

6

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

August 04, 2020

Jane K. Castro
Chief Deputy Clerk

Mr. Peter R. Bornstein
Law Offices of Peter Bornstein
6060 Greenwood Plaza Boulevard, Suite 500
Greenwood Village, CO 80111

RE:   20-1042, United States v. Sears
      Dist/Ag docket: 1:16-CR-00301-WJM-1

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of the Court

cc: Tonya S. Andrews
Robert M. Brown
Paul Farley
Jeremy S. Sibert

CMW/sds