IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 16-cr-301-WJM
(Civil Action No. 21-cv-00141-WJM)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM J. SEARS,

    Defendant.

---

**ORDER DENYING DEFENDANT'S PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

---

This matter is before the Court on Defendant William J. Sears' Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Petition"). (ECF No. 246.) For the following reasons, the Petition is denied.

### I. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code applies to requests seeking to vacate, set aside, or correct a federal sentence. A § 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence." *Id*.

Sears is proceeding *pro se* and is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).  In other words, if the Court can "reasonably read the pleadings to state a valid claim on which [Sears] could prevail, it should do so despite [Sears'] failure to cite proper legal authority, [his] confusion of various legal theories, [his] poor syntax and sentence construction, or [his] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the requirement that the Court read Sears' pleadings broadly does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim could be based.  *Id*.

## II. BACKGROUND

### A. Charges

On September 15, 2016, Sears and his co-defendant in his underlying criminal case, Scott Dittman, were both charged by information with conspiracy to defraud the United States, and Sears alone was charged with filing a false income tax return.  (ECF No. 1.)  That same day, both defendants waived the indictment (ECF Nos. 16, 17) and then filed notices of disposition the following day (ECF Nos. 3, 5).

The essence of the Government's conspiracy charge was that Sears and Dittman had worked together to build a business called FusionPharm, but took numerous steps to, among other things, conceal Sears's relationship to the company (given Sears's prior conviction for federal securities fraud), and create free-trading (or unrestricted) FusionPharm shares without truthfully satisfying federal regulatory requirements for such shares.  According to the Government, this was a willful evasion of federal securities laws and therefore a conspiracy to defraud the United States.

### B. Change of Plea Hearing and Final Judgment

After reaching a plea agreement with the Government, Sears pleaded guilty in November 2016 to one count of conspiracy to defraud the United States and one count

of filing a false income tax return. (ECF Nos. 41, 48, 84.) As part of the plea agreement, Sears agreed to waive his right to directly appeal and collaterally attack his conviction and sentence, with limited exceptions. (ECF No. 51-1 at 9–10.)

Sears's change of plea hearing took place on November 14, 2016. (ECF No. 48.) Sears was placed under oath. (ECF No. 84 at 2–3.) The Court then confirmed that Sears understood his oath and that false answers could subject him to a perjury prosecution. (*Id*. at 4.) After some inquiries of counsel, the Court turned back to Sears and had the following exchange:

> Q. . . . Have you read Court Exhibits 1 and 2?[1]
>
> A. Yes, I have, Your Honor.
>
> Q. Have you read them carefully?
>
> A. Yes, I have, Your Honor.
>
> Q. Have you discussed these documents with your lawyer?
>
> A. In detail, sir, yes.
>
> Q. All right. Has your lawyer answered your questions regarding Exhibits 1 and 2?
>
> A. Yes, he has.
>
> Q. When you signed Exhibits 1 and 2, did you do so voluntarily?
>
> A. Yes, I did, sir.

(ECF No. 84 at 12–13.) The Court then explained that the facts described in the plea agreement are the facts the Government believes it could prove at trial and continued

---

[1] Court Exhibit 1 was the plea agreement and its attachments (ECF Nos. 41–43), and Court Exhibit 2 was Sears' Statement in Advance of Pleading Guilty (ECF No. 44). (*See* ECF No. 84 at 3–4.)

its exchange with Sears as follows:

> Q.      . . . So do you agree that the facts that you've reviewed at pages 12 through 37 of the plea agreement are true?
>
> A.      Yes, I do, Your Honor.
>
> Q.      Is there any inaccuracy in those facts you'd like to correct at this time?
>
> A.      No, Your Honor.

(*Id*. at 13–14.)  The Court then asked Sears to "summarize . . . what it is that you did with respect to the counts you are pleading guilty to."  (*Id*. at 14.)  Sears responded by describing one of the events that, according to the Government, amounted to an evasion of federal securities laws:

> Your Honor, I was involved in the creation of a convertible promissory note that was backdated.  In conjunction with that convertible promissory note, I failed to properly disclose my affiliation status which enabled me to have access to free trading securities.  I then liquidated those free trading securities into the public markets for a profit and failed to report that profit on my personal income tax, sir.

(*Id*.)  The Court then turned to the elements of the two crimes to which Sears would plead guilty:

> Q.      All right.  And did you do so in conspiracy with at least one other person to engage in those acts?
>
> A.      Indeed, sir.
>
> Q.      All right.  And you knowingly and voluntarily participated in that conspiracy?
>
> A.      Yes, sir.
>
> Q.      And you were aware of the objective of that conspiracy?
>
> A.      Yes, sir.

4

>Q. And what was the objective?
>
>A. To obtain free trading securities and be able to sell them into the market, sir.
>
>Q. All right. Both you and your coconspirator [Dittman] acted in a manner for your shared mutual benefit within the scope of the conspiracy charged?
>
>A. Yes, sir.
>
>Q. With respect to Count 2 and the statements that you made on your—the false statements, as you've just characterized them, on your tax returns, you knew them to be false at the time you made them on the return; is that correct?
>
>A. Yes, sir.
>
>Q. And you did so—you made that false statement willfully and with the intent to violate a known legal duty?
>
>A. Yes, sir.

(*Id*. at 14–15.) The Court accordingly accepted Sears's guilty plea. (*Id*. at 26.)

On May 4, 2019, Sears filed a Motion to Withdraw Plea of Guilty. (ECF No. 139.) The Court denied that motion on May 22, 2019. (ECF No. 150.) On August 1, 2019, Sears filed a Motion for Reconsideration (ECF No. 173), which the Court denied on September 30, 2019 (ECF No. 181). On February 10, 2020, final judgment was entered against Sears, and he received a stipulated sentence of 96 months. (ECF No. 215; ECF No. 51-1 at 7.)

On January 15, 2021, Sears filed the instant Petition under 28 U.S.C. § 2255, in which he requests that the Court vacate, set aside, or correct his sentence. On February 9, 2021, the Government filed its response to the Petition ("Response"), to which Sears replied on April 23, 2021 ("Reply"). (ECF Nos. 255, 271.)

## III. ANALYSIS

Sears argues that he is entitled to habeas relief under 28 U.S.C. § 2255 based on four grounds:

Ground 1:   Withholding of exculpatory evidence.

Ground 2:   Fraud on the Court.

Ground 3:   Violations of 4th, 5th, and 6th Amendment.

Ground 4:   Ineffective assistance of counsel.

(ECF No. 246 at 4–9.)  In support of each ground for relief, Sears directs the Court to a 175-page exhibit filed along with the Petition.  (*Id*.)  The exhibit contains Sears' legal arguments and his exhibits, intermingled with one another and in seemingly random order.  (ECF No. 246-1.)  The Court has taken care to sift through the Petition in an attempt to identify allegations and arguments that support Sears' Petition.  Sears supports his Petition by alleging that: (1) the search warrants in this case were defective because FBI Special Agent Kate Funk lied about her qualifications as an accountant in the affidavit supporting the Government's search warrants (*id.* at 3, 23–25, 32, 90, 170, 175); (2) certain inculpatory information provided to the Government by Fred Lehrer was fabricated, and Lehrer had a conflict of interest because he had a relationship with AUSA Kenneth Harmon (*id*. at 42–44, 108–110); and (3) Sears' guilty plea was involuntary because he pleaded in part to prevent the Government from prosecuting his mother and wife (ECF No. 271 at 14).

After a thorough review of the Petition, the Court finds that it does not contain specific arguments and allegations related to ineffective assistance of counsel.  Sears makes a conclusory claim of ineffective counsel in two places (ECF No. 246 at 9; ECF No. 246-1 at 169), but he does not identify any specific instance of ineffective

assistance of counsel.  Thus, the Court denies the Petition insofar as it is based on Ground 4.  See *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("presentation of conclusory allegations unsupported by specifics is subject to summary dismissal").[2]

Moreover, the Government argues that all of Sears' claims are foreclosed by his plea of guilty.  (ECF No. 255 at 12–13.)  The Tenth Circuit has held that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses except "due process claims for vindictive prosecution and double jeopardy claims that are evident from the face of the indictment."  *United States v. De Vaughn*, 694 F.3d 1141, 1145–46 (10th Cir. 2012).

Sears' plea was unconditional, his defenses are non-jurisdictional, he does not argue that his prosecution was vindictive, and he does not raise a double jeopardy defense.  Therefore, in determining whether Sears has waived his defenses regarding the alleged constitutional infirmities of his prosecution, the only question the Court needs to resolve is whether his plea was voluntary.  *Tollett v. Henderson*, 411 U.S. 258, 266 (1973).

The Supreme Court has clearly instructed that "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity."  *Tollett*, 411 U.S. at 266.  Thus, "claims of prior constitutional deprivation . . . are not themselves independent grounds for federal collateral relief."  *Id.* at 267.  Nevertheless, in limited circumstances, a defendant who

---

[2] Sears makes more specific arguments regarding ineffective assistance of counsel in his Reply.  (ECF No. 271.)  However, because the Government does not have a further opportunity to respond to Sears' Reply, *see* D.C.COLO.LCivR 7.1C, the Court finds that Sears has waived these arguments.  *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) (arguments raised for the first time in a reply brief generally are deemed waived).

has pleaded guilty may challenge the voluntariness of the plea based on the Government's failure to produce *exculpatory* material. *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994).

At his sentencing hearing, Sears testified that his guilty plea was voluntary and that he had not been coerced or threatened to force him to plea. (ECF No. 84 at 13, 23.) A petitioner who "has made an affirmation of voluntariness and has pled guilty . . . carries a heavy burden" in subsequently claiming that his plea was involuntary. *United States v. Whalen,* 976 F.2d 1346, 1348 (10th Cir. 1992).

Sears alleges that there were numerous constitutional infirmities with his prosecution, and he argues that his guilty plea was involuntary because, had he known of these alleged constitutional defects, he would not have pleaded guilty. (ECF No. 246-1 at 170.) The Court considers each argument in turn, below.

**A.     Kate Funk's Qualifications as a CPA**

Sears alleges that Agent Funk lied about her credentials in an affidavit supporting a search warrant that led to evidence used against him. (ECF No. 246-1 at 3, 23–25, 27, 32, 90, 170, 175.) Specifically, he alleges that Agent Funk improperly represented herself as a certified public accountant ("CPA") in her affidavit attached to a search warrant in this case because she was not a fully licensed-to-practice CPA. (*Id*. at 25.) He argues that since the search warrant was based entirely on Agent Funk's defective affidavit, the warrant lacked probable cause, and the fruits of the search would have been suppressed at trial. (*Id*. at 58.) Further, as relevant here, he argues that his guilty plea was involuntary because had he known of these alleged deficiencies in the warrant, he would not have pleaded guilty. (*Id.* at 170.)

In its May 22, 2019 Order denying Sears' Motion to Withdraw Plea, the Court

considered and rejected precisely this argument. (ECF No. 150 at 9–11.) The Court noted that Agent Funk *is* a CPA, and Sears is only questioning "the contexts in, and purposes for which, she may represent herself as such, under Kansas law." (*Id*. at 10.) Thus, the Court went on to reason that:

> [T]here is no *Brady* violation under the circumstances of this case because the allegedly withheld information is not *exculpatory*. How and when Agent Funk may call herself a CPA under Kansas law has nothing to do with whether Sears committed the crimes with which he was accused. The evidence is, at best, impeachment evidence, and "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 633 (2002).

(ECF No. 150 at 11 (emphasis in original).) Finally, the Court concluded that Sears's lack of knowledge about Agent Funk's precise status as a CPA 'certificate' holder, and not a fully licensed-to-practice CPA, did not render his guilty plea involuntary. (*Id*. at 11–12.)

Turning to the instant Petition, the Court notes that Sears does not dispute that Agent Funk is a certified CPA. (*See* ECF No. 246-1 at 27.) Sears simply restates his argument that Agent Funk is not permitted to represent herself as a CPA as she did in the affidavit, and Sears does not engage with the Court's reasoning in its May 22, 2019 Order. Reviewing the issue anew, the Court comes to the same conclusion as it did previously: "[a]s a matter of law . . . Sears' lack of knowledge about Agent Funk's status as a CPA 'certificate' holder only, and not as a fully licensed-to-practice CPA, did not render his guilty plea involuntary." (*Id*. at 11–12.) The Court comes to this conclusion because the allegedly withheld information regarding Agent Funk is not *exculpatory*, Most notably, Sears has not identified any alleged accounting errors committed by

9

Agent Funk. *Wright*, 43 F.3d at 496. The Court finds this argument wholly without merit and denies this portion of the Petition

**B.     Fred Lehrer's Alleged Conflict of Interest**

Next, Sears alleges that the inculpatory information provided to the Government by Lehrer was all false. (ECF No. 246-1 at 41–42.) Moreover, he argues that Lehrer had a conflict of interest because he had a personal relationship with AUSA Kenneth Harmon. (*Id*.) Finally, he argues that his guilty plea was involuntary because he did not know about any of the above information until after he pleaded guilty. (*Id*.)

The Court also considered and rejected this argument in its May 22, 2019 Order denying Sears' Motion to Withdraw Plea. (ECF No. 150 at 12–14.) The Court carefully considered Sears' allegations and found that:

> Sears nowhere explains how this relationship is exculpatory. As best the Court can tell . . . it would have been *impeachment* evidence had Mr. Lehrer testified in a trial and, for example, disavowed Sears's (apparent) claim that he received good-faith advice from Mr. Lehrer about the legality of the FusionPharm stock transactions. Knowledge that Mr. Lehrer and Mr. Harmon are friends, and that Mr. Lehrer was not being prosecuted, might give the jury reason to suspect that Mr. Harmon was allowing Mr. Lehrer to say whatever he needed to say to protect himself, as a courtesy to a friend. But again, the Government need not disclose potential impeachment evidence before the defendant decides to plead guilty. *Ruiz*, 536 U.S. at 633. Therefore, Sears's plea was not involuntary on this account, and so this factor does not favor allowing him to withdraw his plea.

(*Id*. at 13–14 (footnotes omitted).)

In the instant Petition, Sears repeats his allegations about Lehrer and AUSA Harmon, but he does not explain how any information regarding the allegations information about any such relationship would lead to anything more than, at best, impeachment evidence. Thus, the Court comes to the same conclusion as it did

previously. The Government had no duty to disclose impeachment evidence before Sears decided to plead guilty, therefore Sears' guilty plea was not involuntary on this account. *Ruiz*, 536 U.S. at 633

### C.     Potential Prosecution of Sears' Family Members

Sears also argues that his plea was not voluntary because it was based in part on his desire to prevent his mother, wife, and "entire extended family" from being prosecuted and financially ruined. (ECF No. 271 at 14.) The Supreme Court has warned that plea bargains involving "adverse or lenient treatment for some person *other* than the accused . . . might pose a greater danger of inducing a false guilty plea by skewing the assessment of the risks a defendant must consider." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 n.8 (1978) (citation omitted). Because of this danger, the Government must abide by "a high standard of good faith" in its use of such tactics. *Mosier v. Murphy*, 790 F.2d 62, 66 (10th Cir. 1986). To act in good faith, prosecutors must have probable cause to indict the third person at the time they offer lenity or communicate the threat. *Wright*, 43 F.3d at 499.

The Court is not persuaded by Sears' argument for three reasons. First, the allegations are vague and conclusory, and Sears does not allege any specific facts regarding the supposed threat or threats. (ECF No. 271 at 14.) Second, Sears swore under oath at his change of plea hearing that neither he nor any member of his family had been coerced or threatened in order to force him to plead guilty. (ECF No. 84 at 23.)

Third, even assuming that the Government did offer to refrain from prosecuting Sears' mother and wife in exchange for his plea, Sears wholly fails to even allege—let alone provide any evidence—that the Government lacked probable cause to indict

11

them. Therefore, the Court is not persuaded that Sears has adequately alleged that the Government was acting in bad faith. *Wright*, 43 F.3d at 499; *see United States v. Marquez,* 909 F.2d 738, 742 (2d Cir. 1990) ("Where the plea is entered after the prosecutor threatens prosecution of a third party, courts have afforded the defendant an opportunity to show that probable cause for the prosecution was lacking when the threat was made.").

Thus, the Court finds that Sears' guilty plea was not involuntary on this account.

**D.      Totality of the Circumstances**

In considering whether Sears' plea was knowing and voluntary under the totality of the circumstances, the Court has considered the Tenth Circuit's reasoning in denying habeas relief in a similar case, *United States v. Crowell*, 15 F. App'x 709, 713 (10th Cir. 2001). In that case, Crowell argued that his guilty plea was not knowing and voluntary because the Government withheld exculpatory documents prior to his plea. *Crowell*, 15 F. App'x at 713. Among other things, he alleged that the Government withheld: (1) a laboratory result finding no blood, skin, or hair on a piece of rope found at the scene of the crime; and (2) a medical report of the victim showing that the victim had no cuts or bruises. *Id*. Crowell argued that this information was exculpatory because it bolstered his chances of an acquittal on the charge for kidnapping in violation of 18 U.S.C. § 1201(a)(1), and he argued that had he known of this exculpatory evidence, he would not have pleaded guilty. *Id*. at 710.

The Tenth Circuit found that even though the reports were "somewhat exculpatory", they would "not necessarily impeach the victim's statement that [the petitioner] tied her up and raped her." (*Id*.) Therefore, the court held that the allegedly withheld material did not compromise the voluntary and knowing nature of Crowell's

12

plea.  (*Id.*)[3]

Here, Sears' claims are far weaker than Crowell's claims because Sears has not shown that a single piece of exculpatory evidence was ever withheld from him.  As discussed above, the information allegedly withheld from Sears was, *at best*, impeachment evidence, which the Government has no duty to disclose before the defendant decides to plead guilty.  *Ruiz*, 536 U.S. at 633.

Based on the foregoing reasons, the Court finds that the Government's alleged conduct and the "allegedly withheld material did not compromise the voluntary and knowing nature of [Sears'] plea."  *Crowell*, 15 F. App'x at 713.  Consequently, all of Sears' claims are waived because they all relate to "the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett*, 411 U.S. at 267.  Therefore, the Petition is denied.  *De Vaughn*, 694 F.3d at 1145–46.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant William J. Sears' Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 246) is DENIED;

2. Case No. 21-cv-00141-WJM is DISMISSED WITH PREJUDICE; and

3. The Court has *sua sponte* considered whether a certificate of appealability is appropriate, and hereby ORDERS that no certificate of appealability will issue because Sears has not made a substantial showing that jurists of reason would

---

[3] The Tenth Circuit came to this conclusion even though it was reviewing the matter on a standard that was very deferential to Crowell; all he needed to show was that "the issues he raise[d] are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings."  *Crowell*, 15 F. App'x at 711.

13

find it debatable whether his Petition states a valid claim of the denial of a constitutional right.

Dated this 15th day of July, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge